[No. 25997. Department Two. June 2, 1936.]

C. E. PRINCE *et al., Respondents,* v. CHEHALIS SAVINGS & LOAN ASSOCIATION, *Appellant.*[1]

*W. Grant Armstrong* and *Clarke & Clarke,* for appellant.

*Don G. Abel* and *C. D. Cunningham,* for respondents.

[1]Reported in 58 P. (2d) 290.

MAIN, J.—This action was brought to recover damages for the loss of a dwelling house, a garage and certain items of personal property, destroyed by fire, which arose, as claimed, from the negligence of the defendant. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiffs were entitled to recover, fixing the amount of the damages. Judgment was entered against the defendant in the sum of three thousand dollars, from which it appeals.

The facts are these: The respondents are husband and wife, and own lots 11 and 12 in a certain block in the city of Centralia. The appellant is the owner of three lots in the same block. Between the property owned by the respective parties, there is a lot owned by another party. Upon the respondents' property there had been erected a dwelling house and a garage. Upon the property between that of respondents and the appellant there had been erected a rooming or apartment house. Adjacent to this, on the property of the appellant, there was a garage.

At about 5:30 p. m. on June 16, 1934, a fire started in the garage, spread rapidly, and destroyed the rooming house adjacent to it, and also the house and garage owned by the respondents, together with certain personal property. The theory of the respondents' action was that the appellant had permitted the garage to get into such a state of disrepair that it created a fire hazard, and that the condition of the building was such that, if a fire did occur in it, it was reasonably probable that it would spread to the adjacent property.

Prior to October 1, 1933, the garage had been used as a place for wrecking used automobiles, but subsequent to that date and up to the time of the fire, it had been vacant and unoccupied. The building was in a pronounced state of disrepair. There were doors at

either end which were open, a considerable number of windows on either side were broken out, and in a number of places on the roof the shingles had disappeared. The floor was wood, and had on it grease and oil, as the result of the use to which it had been put.

As to the general condition of the building, there is not much dispute in the testimony, but as to what was in the interior there was a dispute. According to the evidence offered by the respondents, there was left in the building an accumulation of combustible material, the children of the neighborhood played in it at times during the daytime, and at night it was used as a sleeping place by itinerants that were passing through the city and not able to provide themselves better quarters. About the floor there were cigarette stubs.

As stated, the evidence is in dispute as to the condition of the interior of the building, but, after considering the evidence, the trial court found that:

"The Court further finds that defendant had permitted and allowed its building to become and remain in disrepair in that the windows in said building were broken out, the building had been allowed to become in a decayed condition and there were large vents and holes in said roof and that the doors in said building had become broken and were open and the floors and walls of said building had become saturated with grease and oil and defendant permitted and allowed debris and waste material, combustible and inflammable material and permitted and allowed children to play in and around and upon said premises and permitted and allowed itinerants and vagabonds to use, sleep in and smoke in and around said building, and that defendant well knew of all this and by reason thereof, a fire hazard and danger was created, and defendant permitted to allow such condition to exist when it could, by the exercise of ordinary and reasonable care upon its part, remove said danger and fire

hazard to neighboring property and especially the property of plaintiffs."

The court did not find, and the evidence did not disclose, the origin of the fire. The managing officer of the appellant association says that he knew the condition of the building, but denies that the interior was in the condition to which the respondents' witnesses testified and the court found.

■ It is first contended that the evidence failed to establish liability on the part of the appellant, because there was no evidence or finding as to the origin of the fire, it being claimed that that was a necessary element for the respondents to prove. The courts generally support the rule, in such a case as that now before us, that evidence as to the origin of the fire is not an element necessary to a recovery where the property causing the fire has gotten into such a condition that it creates a fire hazard, and that, if fire should occur in it, it is reasonably probable that it would spread to the adjacent property.

In *Quaker Oats Co. v. Grice,* 195 Fed. 441, it was held that, where a mill and elevator were permitted to become unsafe because filled with dust which would explode on the application of a spark or flame, and the owner could, in the exercise of reasonable care, have prevented the premises from becoming thus unsafe, and an explosion occurred causing a fire which was communicated to the property of an individual, the owner was guilty of actionable negligence, though the spark which fired the dust was produced by an intruder. It was there said:

"If premises are allowed to become unsafe because they are filled with dust which would explode on the application of spark or flame, and the exercise of reasonable care would have prevented the premises from becoming thus unsafe, the person whose neglect brought about such a dangerous condition would not

be excused because the actual spark which fired the train was produced by some intruder undertaking to light his pipe.''

In the case of *Texas & New Orleans R. Co. v. Bellar,* 51 Tex. Civ. App. 154, 112 S. W. 323, it was held that a railroad company, negligently permitting fuel oil to escape from its oil tanks and saturate the ground adjacent to the plaintiffs' property, was responsible for the destruction of the property by fire communicated through the oil, whether the oil was ignited by the defendant or by any other agency. It was there said:

"The fact that the fire might have started from some cause other than through an act of the railroad company does not exculpate the defendant. It may be that the defendant was in no wise responsible for the origin of the fire, and the evidence does not show that it was, but it was responsible for the part its negligence performed. That negligence consisted in bringing about a condition which subjected the plaintiffs' property to a danger which resulted in its destruction, which did not theretofore exist, and which danger and result was reasonably apparent to and should have been foreseen by a person of ordinary prudence. It is true that the oil of itself did not create the danger, and that the danger therefrom did not arise until some other act was performed, namely, the kindling of the fire which ignited the oil. Neither would the kindling of the fire at a point near or remote from the property have created the danger but for the presence of the oil. It is not always the last act of cause or nearest act to the injury that is the proximate cause, but such act, wanting in ordinary care, as actively aided in producing the injury as a direct and existing cause. It need not be the sole cause, but it must be a concurring cause, such as might reasonably have been contemplated as involving the result under the attending circumstances. [Citing authorities.]''

Other cases might be assembled here holding to the same effect, but the rule appears to be well settled,

and it does not seem to be necessary to multiply citations.

The negligence in the case now before us consisted in two things; first, the condition of the building, and second, the purposes for which it was permitted to be used. The rule of the railroad cases, where there has been an accumulation of combustible material on the right of way which subsequently takes fire shortly after the passing of a train, is not applied where the owner of property either actively creates a specific condition adjacent to the property of another or permits such a condition to be created that, if a fire should occur, it would be reasonably probable to extend to the adjacent property.

It is next contended that the trial court did not find the facts correctly as to the condition of the interior of the garage. But we think that the evidence sustains the finding, and it does not appear to be necessary to review the testimony in detail.

Lastly, it is contended that the damages found by the trial court were too high. The amount of the damages is amply supported by the evidence, and we find no error in this regard.

The judgment will be affirmed.

MILLARD, C. J., BLAKE, BEALS, and HOLCOMB, JJ., concur.

## ON REHEARING.

[*En Banc.* October 19, 1936.]

PER CURIAM.—Upon a rehearing *En Banc,* the court adheres to the Departmental opinion heretofore filed herein.