**CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, a corporation, Appellant,**

v.

**Loraine Booker POARCH, as Executrix of the Estate of Paul E. Booker, Deceased, Appellee.**

**No. 17099.**

United States Court of Appeals Ninth Circuit.

July 10, 1961.

Richard L. Gemson, Lutterman, Ploeger & Gemson, Seattle, Wash., Edward J. Crowley, Spokane, Wash., for appellant.

Jerome Williams, Cashatt, Williams, Connelly, & Rekofke, Spokane, Wash., Miller, Jansen & Sackmann, Ritzville, Wash., for appellee.

Before HAMLIN and KOELSCH, Circuit Judges, and LINDBERG, District Judge.

LINDBERG, District Judge.

This action was commenced in the United States District Court for the Eastern District of Washington to recover damages for alleged negligent injury to property. Federal jurisdiction was founded upon diversity of citizenship. The appellee, plaintiff below, owned a grain elevator and feed and produce building situated on land leased from appellant in Othello, Washington. Approximately fifty feet away, along its railroad right of way, appellant had a large frame ice house used to service its trains. The southern half of the ice house, nearest appellee's buildings, was no longer being used and was vacant. On June 13, 1957 a fire broke out in the unused portion of the ice house and quickly spread to appellee's buildings, destroying both the buildings and their contents.

The appellee's theory during the trial was that appellant was negligent in knowingly allowing the vacant portion of the ice house to become a fire hazard by permitting inflammable materials to accumulate inside and not taking reasonable steps to prevent children and itinerants from gaining access. Although appellee did, by process of elimination of other possible causes, attempt to show that some human agency must have started the fire, no specific evidence as to its origin was introduced and the trial court instructed the jury that it was not necessary for them to determine the exact cause of the fire. The jury returned a verdict for appellee and appellant here seeks reversal of the judgment entered or in the alternative a new trial.

The appellant contends that the lower court erred in (1) submitting the case to the jury because the evidence was insufficient as a matter of law to show a causal connection between appellee's negligence and the outbreak of the fire, (2) instructing the jury that it could find appellant liable without determining the actual cause of the fire, and (3) permitting appellee's counsel in final argument to address by name six jurors, asking each to "retain and remember" a particular damage figure. Since the claimed errors (1) and (2) involve essentially the same general considerations they will be discussed together.

As previously noted, federal jurisdiction of this action is based upon diversity of citizenship and under the doctrine of Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 the substantive law of the State of Washington will control.

The basic question is, Does Washington law in a case involving facts such as presented here require that plaintiff establish the precise origin of the fire?

If the answer is no, then clearly the actual final concurring cause or causal connection between the antecedent negligence and the origin of the fire need not be shown.

Admittedly appellee and the lower court framed the complaint and instructions to encompass the holding of Prince v. Chehalis Sav. & Loan Ass'n, 1936, 186 Wash. 372, 58 P.2d 290, 292, 61 P.2d 1374. In that case plaintiff sued to recover for fire damage to its building which occurred when a fire started in the defendant's garage and spread to the plaintiff's building. The plaintiff's theory was that the defendant "had permitted the garage to get into such a state of disrepair that it created a fire hazard, and that the condition of the building was such that, if a fire did occur in it, it was reasonably probable that it would spread to the adjacent property." There was evidence to the effect that the garage was in a "pronounced state of disrepair", with doors open at either end, and contained a wooden floor covered with grease and oil. In addition there was evidence of an accumulation of combustible material inside the garage and that children and itinerants would at times enter the building. The lower court found for the plaintiff and the defendant appealed. In its opinion affirming the lower court the Washington Supreme Court stated:

"The court did not find, and the evidence did not disclose, the origin of the fire. * * *

"The courts generally support the rule, in such a case as that now before us, that evidence as to the origin of the fire is not an element necessary to a recovery where the property causing the fire has gotten into such a condition that it creates a fire hazard, and that, if fire should occur in it, it is reasonably probable that it would spread to the adjacent property."

As we view the holding of the Prince case, once it is established that the owner of a building has negligently allowed it to become a fire hazard and a fire does start the actual cause—whether deliberate, accidental, or an act of God—is immaterial. The negligence is not in the ignition of the fire but rather it is in allowing a condition to exist which will be reasonably likely to cause injury to another *if* a fire does start.

In the instant case there was ample evidence from which a jury could find that appellant knowingly allowed the southern half of the ice house to fall into a state of disrepair; that its interior contained combustible materials including a layer of sawdust on the floor; that itinerants did on occasion seek shelter within the building and were able to gain access through unsealed openings; that the fire started within the southern half of the building.

The appellant's attempt to distinguish the Prince case, supra, or limit it to its particular facts is too subtle to be given accord by this court. Whether the ice house, like the garage, had become a fire hazard was a question of fact properly submitted to and decided by the jury and we will not disturb their finding.

With respect to appellant's contention that the jury was erroneously instructed, the instruction given by the trial judge followed the principle enunciated in the Prince case. In substance, the jury was instructed that in the event they found from a preponderance of the evidence (a) that the condition of appellant's buildings actually constituted a fire hazard and (b) that there was reasonable cause for appellant to foresee and anticipate that because of such condition if a fire occurred it was reasonably probable that it would spread to appellee's premises, they need not determine exactly how the fire started in appellant's ice house. Appellant claims that this form of instruction allowed the jury to speculate as to the cause of the fire. However, as we have already stated, under Washington law in a situation such as this the precise origin of the fire is immaterial and therefore there was nothing for the jury to speculate about. We find no merit in appellant's contention that the trial court

incorrectly instructed the jury that appellant could be found liable without a determination of the actual cause of the fire.

The appellant's final claim of error relates to the district judge permitting appellee's counsel, over appellant's continuing objection, to address six of the jurors individually and by name requesting each to remember a particular damage figure. The appellant argues that this procedure improperly interfered with the jury's collective deliberation.

It must be remembered that the conduct of a trial is largely left to the discretion of the trial judge, and unless he has abused his discretion we will not ordinarily grant a new trial. The question is then, Does the record before us in this case show an abuse of discretion by the trial judge?

The total damage was made up of six items, each of which required separate consideration by the jury. The amount assessed for each item was to be entered in the appropriate space of the form of verdict given to the jury. Although the amounts of some of the items were stipulated by the parties several were very much in dispute and involved five figures. The usual federal practice of not giving the jury a copy of the instructions was followed in this case. There were no exhibits which enumerated the amounts for the various items. Thus, while deliberating the jurors could only rely upon their memories in order to affix the individual damage figures.

Since any deviation from the limits imposed under the issues and evidence could have resulted in an erroneous or faulty verdict it was reasonable to expect appellee's counsel to attempt some means whereby this possibility could be avoided. So far as we can determine from the record the method followed here was not chosen with any intent to curry the favor of the particular jurors addressed but was used solely for the purpose of aiding the jury in arriving at a valid verdict.

In view of the form of verdict submitted and the lack of exhibits which would permit the jurors to rely on other than their memories to find the amount of each item of damage it was within the discretion of the trial judge to permit counsel to impress upon the jurors the precise amount of damage. Although this practice may be subject to criticism in some other situation under the circumstances of this particular case we do not find the trial judge abused his discretion.

Judgment affirmed.