JANET CLARK, APPELLANT, v. LARRY SMITH, APPELLEE.

149 N. W. 2d 425

Filed March 10, 1967. No. 36306.

Gross, Welch, Vinardi, Kauffman & Schatz, for appellant.

Matthews, Kelley & Cannon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and BOYLES, District Judge.

BOYLES, District Judge.

Automobiles operated by the plaintiff and the defendant collided at the intersection of Fifty-Sixth Street and Center Street in the city of Omaha, Douglas County, Nebraska. Plaintiff's vehicle had halted at a stop sign on the north side of Center Street and was proceeding through the intersection to make a left turn to the east. Defendant was driving west on Center Street, which was the favored highway. The collision occurred in the area of the centerline of Center Street and near the east side of the intersection. Plaintiff prosecutes this action for her personal injuries and property damage. Defendant counterclaims. The defendant recovered a verdict on his counterclaim.

The plaintiff makes 9 assignments of error, some of which are here joined for the purposes of discussion. Assignments of error 1 through 3 relate to the sufficiency of the evidence. The plaintiff strongly contends that where the evidence of liability adduced by the defendant on his cross-petition depends entirely on the testimony of one witness and that witness is impeached as to vital matters by the production of prior contradictory statements, some of which were made under oath and elicited

by defendant's own attorney, the testimony of such witness is entirely discredited and there remains nothing to submit to the jury. We hold that the trial court did not err in this respect. In Sacca v. Marshall, 180 Neb. 855, 146 N. W. 2d 375, this court recently determined that where such contradictory statements are not made by a party-litigant, the jury has a right to consider the facts and circumstances as bearing on the weight of the evidence and the credibility of the witness.

Assignments of error 4 and 5 relate to the refusal of the trial court to submit to the jury the question of whether the defendant should have been operating his vehicle with lighted headlights, under the terms of section 39-778, R. R. S. 1943, requiring such lighting "at any other time when there is not sufficient light to render clearly discernible persons or vehicles upon the highway at a distance of five hundred feet ahead." The record discloses the approach of sunset, that there was some darkness, and that some vehicles were lighted. However, it also discloses that the plaintiff could see the cars on the road and that one of the plaintiff's witnesses observed defendant's car at a distance of 2 blocks. The record nowhere directly shows any lack of visibility at a distance of 500 feet. Moreover, the record is silent as to any causal connection between the failure of defendant to use his lights and the collision. We hold that the trial court did not err in this regard. See Becker v. Hasebroock, 157 Neb. 353, 59 N. W. 2d 560.

Plaintiff further argues that she was prejudiced in the giving of instruction No. 17. The court here properly instructed the jury as to statutes and ordinances relating to the speed of motor vehicles, having previously set out the applicable statutes and ordinances relating to other rules of the road. Instruction No. 17 then continues in customary form: "You are further instructed that if you find from the evidence that either the plaintiff or the defendant violated any of the provisions of the above traffic laws or ordinances, or any

other traffic laws or ordinances set out in these Instructions, the violation thereof would not be in and of itself negligence as a matter of law or negligence per se on the part of the violator but would be evidence of negligence to be considered by you together with all the other facts and circumstances in evidence in the case to determine whether or not such violator was guilty of negligence." The plaintiff contends that no issue was raised as to an unlawful speed of her vehicle and that this instruction should not have been given. However, in view of our established rule that instructions must be construed as a whole, and in view of instruction No. 30 directing the jury to so construe the instructions in this particular case, and in view of the reference in instruction No. 17 to "* * * any other traffic laws or ordinances set out in these Instructions * * *," we hold that no prejudicial error was committed by the reference to the plaintiff in this instruction.

Assignments of error 6 and 7 relate to the exclusion of evidence concerning the speed of the defendant's vehicle. The matter of defendant's speed was raised by the pleadings of both parties and was vital both as to the broad allegations of negligence and as to the issue of right-of-way.

Plaintiff called the witness Wiebusch, who qualified as to experience, opportunity to observe, and indicated that she had an opinion as to defendant's speed. During interrogation by defendant's counsel, the witness indicated she could not accurately judge the speed of vehicles under the conditions stated, and the court refused her opinion. Ordinarily, the credibility of such testimony is for the jury, but, the record being as it is, we cannot say that the trial court violated its discretion in refusing this testimony.

A different situation prevails as to the cross-examination of defendant's witness Morse. He was defendant's only witness on the general issue of liability. He testified in detail as to his observation of the collision

and the circumstances both before and after the impact. He testified that the noise from the motor of defendant's car caused him to pull further to the right side of the street. He testified as to his own speed at various relevant times. He further testified that defendant's car passed him, and gave estimates of distances relating to the position of defendant's vehicle at the time of and after such passing. We think this testimony directly involved the speed of defendant's vehicle and that he could be cross-examined thereon as a matter of right. Even if this were not true, we believe that the rule stated in Zimmerman v. Lindblad, 154 Neb. 453, 48 N. W. 2d 415, is applicable: "The general rule is that a party has no right to cross-examine a witness except as to facts and circumstances connected with matters testified about on his direct examination. * * * However within the meaning of this rule cross-examination is proper as to anything tending to affect the accuracy, veracity, or credibility of the witness. * * * Also where testimony is given by a witness on direct examination, from which an inference of fact arises favorable to the party producing him, anything within the knowledge of the witness tending to rebut that inference is admissible on cross-examination, and the opposing party is entitled to pursue that line of cross-examination as a matter of right. * * * Again, anything within the knowledge of a witness tending to rebut evidence given on direct examination is admissible as a matter of right on cross-examination."

Attention is also called to the rule expressed in Gohlinghorst v. Ruess, 146 Neb. 470, 20 N. W. 2d 381: "On cross-examination inquiry was made concerning the speed of the car approaching from the east. The court sustained an objection to the question on the ground that it was improper cross-examination, it not having been inquired about on direct examination. We think the inquiry was entirely proper. Plaintiff had testified that the car was in motion. Certainly she could be interro-

gated on cross-examination as to the speed of the car, it being an important fact under the issues. We think the trial court's ruling was too restrictive and that defendants' counsel were entitled, after plaintiff testified that she had seen the other car entering and proceeding across the intersection in which the collision occurred, to inquire on cross-examination into its speed, course of travel or any other fact bearing upon the cause of the accident." We hold that the exclusion of this testimony was prejudicial and is ground for a new trial.

Assignment of error 9 is based on the failure of the court to instruct that the defendant had a duty to remain to the right of the center of the street. The court instructed concerning the statutory rules governing right-of-way in protected intersections, but did not instruct as to duties of the parties if plaintiff had in fact completed a turn to the left and was proceeding east on the south side of the centerline of Center Street. The issue was raised by the pleading of failure to yield right-of-way, contained in defendant's cross-petition, and denied by the plaintiff. There is competent evidence in the record to support plaintiff's contention, particularly the testimony in relation to the point of impact and to the position of the vehicles immediately after the collision. We have many times decided that a trial court must submit to the jury, with proper instructions, any material issue pleaded which finds support in the evidence. The instruction concerning right-of-way as given is incomplete in this respect, and this omission is prejudicial. Brown v. Kaar, 178 Neb. 524, 134 N. W. 2d 60.

For the reasons stated, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.