The TRAVELERS INSURANCE COMPANY, Appellant,

v.

Hewlett B. DYKES, Appellee.

No. 25120.

United States Court of Appeals
Fifth Circuit.

May 23, 1968.

748

John J. Weigel, Donald O. Collins, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for appellant Travelers Insurance Co.

Grover L. Covington, Kentwood, La., Robert J. Mack, Sims & Mack, Hammond, La., for Hewlett B. Dykes.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This Louisiana diversity automobile accident case was tried to a jury and involved plaintiff's and two other vehicles, one of which was being driven by an employee of defendant's insured. Plaintiff sustained physical injuries for which the jury made a substantial award. Plaintiff's car was involved in a head-on collision with another vehicle, which vehicle had left its side of the highway and struck plaintiff's vehicle. Thereafter a pick-up truck driven by defendant assured's employee, which was following plaintiff's car, also collided with it. Numerous errors are assigned by appellant, all of which we have considered, but those stressed at oral argument related to the district judge's charge that the burden of proof in a rear-end collision shifts to the following vehicle, to the district judge's refusal to allow defendant's co-counsel to take the witness stand to impeach one of plaintiff's witnesses, and to the district court's refusal to permit defendant to introduce expert testimony (a traffic engineer) pertaining to time and motion studies where the name of the witness had not been listed in the pretrial order within the prescribed time.

Appellant cites the Louisiana case of Schexnaydre v. Becnel, La.App., 4 Cir., 1962, 142 So.2d 555, to the effect that it is no longer the law of Louisiana that there is a presumption of negligence created against a following motorist who collides with the rear of the vehicle of the lead motorist travelling in the same direction with a corresponding shift of the burden of proof to the following motorist. Appellant, however, did not cite the later case of Hester v. Stewart, La.App., 1 Cir., 1965, 177 So.2d 430, 435, in which the court stated that those pronouncements in Schexnaydre v. Bencel, supra, are obiter dicta and that the Louisiana jurisprudence which exonerates the following motorist from liability for striking a lead motorist from the rear is limited to circumstances found to be totally unexpected, and that the following driver will be exonerated only where he can reasonably explain the cause of his running into the vehicle ahead. This is substantially what the trial judge's charge stated the law to be.

The district judge also declined to allow defendant's co-counsel, who participated throughout the trial of the case by assisting principal defense counsel and was accordingly not sequestered, and who was not listed as a witness in the pretrial order, to testify in an attempt to impeach one of the plaintiff's witnesses. The name of the expert witness on time and motion studies was not listed until several days before trial, though required to be listed at least ten days before trial. The district judge declined to allow the testimony and his action in doing so as well as refusing to permit the testimony

of defense co-counsel were matters within his sound discretion in the management of the case, and we will not interfere with the exercise thereof unless there is clear abuse, which we do not consider occurred here. See Jones v. Metzger Dairies, Inc., 5 Cir., 1964, 334 F.2d 919, cert. denied, 379 U.S. 965, 85 S.Ct. 659, 13 L.Ed.2d 559 (1965); Scott v. Fancher, 5 Cir., 1966, 369 F.2d 842. Much considered and wise discretion must be accorded to a district judge as he deals with the infinite variables of evidence. Missouri Pacific Railroad Company v. Austin, 5 Cir., 1961, 292 F.2d 415; Chicago, Milwaukee, St. Paul & Pacific R. Co. v. Poarch, 9 Cir., 1961, 292 F.2d 449.

Affirmed.