**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harold BROWN, Defendant-Appellant.**

No. 26934
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 2, 1969.

Samuel S. Jacobson (Ct.Apptd.), Jacksonville, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Samuel S. Forman, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Brown appeals from a judgment entered on a jury conviction of six counts of knowingly transporting in interstate commerce falsely made and forged securities in violation of 18 U.S. C.A. § 2314. He urges reversal on the grounds that the instruments he negotiated were not falsely made and forged securities within the meaning of the statute, and that the refusal of the District Judge to allow his trial counsel to withdraw and testify in his behalf denied him evidence which was vital to his defense. We affirm.[1]

No detailed elaboration of the evidence at trial is necessary to resolve the issues presented in this appeal. Brown candidly admits that there was substantial evidence from which the jury could have convicted him. The money orders identified in the six count indictment came from three separate thefts of American

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

Express Money Orders. The money orders were stolen in blank. Two alleged accomplices of Brown testified that he filled out and cashed the money orders. We proceed to Brown's contentions in the order in which they were raised.

▇ Brown first argues that a traveler's check, stolen in blank and later filled in and cashed, is not a forged or falsely made security within the meaning of the Act. This argument has no merit. United States v. Franco, 5 Cir. 1969, 413 F.2d 282; *cf*. Castle v. United States, 5 Cir. 1961, 287 F.2d 657; Berry v. United States, 5 Cir. 1959, 271 F.2d 775. *See also* United States v. Duran, 5 Cir. 1969, 411 F.2d 275.

▇ Brown's second point, that he was denied a fair trial because the Trial Court would not permit his attorney to withdraw during the latter stages of the trial (which would have necessitated a mistrial) is also without merit. On two occasions Brown's attorney, Jacobson, interviewed Cole, an alleged accomplice and a prosecution witness. On the first occasion three other prisoners were present. On the second occasion Jacobson took a court reporter, but Cole refused to talk in the presence of the reporter. During the trial a proffer of Cole's direct testimony was made out of the presence of the jury. Admittedly Jacobson knew that Cole was hostile, but he made no effort to cross-examine him during the proffer. The jury returned and Cole testified. On cross-examination Jacobson inquired about the interviews he had with Cole. Cole testified that Jacobson had attempted to convince him to plead the Fifth Amendment and not testify against Brown. The next day after five more witnesses had testified, Jacobson recalled Cole and cross-examined him further. After finishing with Cole, Jacobson moved to withdraw and have a mistrial declared so that he could testify in rebuttal of Cole at a new trial. The motion was denied.

▇ Courts are reluctant to allow advocates participating in a trial to take the witness stand. Gajewski v. United States, 8 Cir. 1963, 321 F.2d 261; United States v. Alu, 2 Cir. 1957, 246 F.2d 29. Whether or not a participating attorney may testify is in the sound discretion of the trial judge. Travelers Insurance Co. v. Dykes, 5 Cir. 1968, 395 F.2d 747. Here there was no abuse of discretion. Jacobson knew that Cole was hostile, yet when he had the opportunity during the proffer he failed to cross-examine him out of the presence of the jury. Had he done so he might have thought twice before he brought out the "hurtful" and "inconsistent" testimony during cross-examination. Having failed to avail himself of the opportunity presented by the proffer to ascertain, in the absence of the jury, what Cole's responses would be to cross-examination, the District Court was well within its discretion to deny Jacobson's later motion to withdraw and to have a mistrial declared so that at a subsequent trial Jacobson could testify in an attempt to impeach Cole on essentially a collateral matter.

Affirmed.