WILLIAM H. ROGERS, APPELLEE, V. NAVAJO FREIGHT LINES, INC., A CORPORATION, ET AL., APPELLEES, IMPLEADED WITH BEE LINE MOTOR FREIGHT, A CORPORATION, APPELLANT.

183 N. W. 2d 623

Filed March 5, 1971. No. 37656.

Larry Welch of McGroarty & Welch, for appellant.

Alfred A. Fiedler of Weinberg & Fiedler, for appellee Rogers.

Cassem, Tierney, Adams, Henatsch & Gotch and Gross, Welch, Vinardi, Kaufman, Schatz & Day, for appellees Navajo Freight Lines, Inc., et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action to recover for personal injuries. Plaintiff alleges he was injured by reason of the joint negligence of employees of the defendants Bee Line Motor Freight and Navajo Freight Lines, Inc. Verdict and judgment were for plaintiff against Bee Line Motor Freight and for defendant Navajo Freight Lines, Inc. We affirm the judgment of the district court.

Plaintiff was a truck driver for the Graves Truck Line. He called at the dock operated by defendant, and sole appellant, Bee Line Motor Freight, to load freight for his employer. Another truck driver, employed by Navajo Freight Lines, Inc., had parked close by and was engaged in loading a heavy crate weighing approximately 1,000 pounds and which in dimensions was about 20 feet by 4½ feet by 1 foot. The Navajo driver was being assisted by defendant's dock foreman, the rendering of such assistance being a part of his duties. It appears to be the custom for the drivers to also assist one another when requested. The two men were unable to load the crate without further assistance and the foreman requested plaintiff's help. Adjacent to the large crate, not over 6 to 8 inches away, was another crate containing a radiator and weighing about 180 pounds. Plaintiff moved in to assist as requested and with the foreman pushing, the Navajo driver lifting and pulling

the front end, and plaintiff assisting to lift with a dolly, the crate was partially moved into the truck. At that time the crate containing the radiator fell over and fractured plaintiff's leg. This crate measured about 6 feet by 4½ feet by 1 foot.

The evidence as to what caused the crate to fall is circumstantial. The Navajo driver said the front end of the large crate did not move to either side. The foreman said the rear end may have moved an inch or two. This is not indicative that the large crate tipped over the small one, but plaintiff stated he heard the two pieces of wood hit together and no other reasonable explanation is offered to explain the crate falling.

Plaintiff did not allege and does not claim that the accident was the result of a defect or dangerous condition in defendant's premises nor that it was due to any dangerous activity being carried on on the premises. His contention is simply that the defendant's foreman was negligent in failing to maintain a proper lookout, failing to exercise proper control over the large crate to keep it from striking the small one, and failing to use other available machinery and equipment in moving the crate. Contrary to defendant's contention, this is not a case of a licensee or invitee being injured on defendant's premises under the rules governing such cases, but rather a simple case involving ordinary negligence. The trial court was correct in refusing to instruct on defendant's theory. "A trial court should eliminate immaterial and superfluous matters and submit to the jury by instructions only matters properly to be decided by it in arriving at its verdict." Bezdek v. Patrick, 167 Neb. 754, 94 N. W. 2d 482. See, also, Clark v. Smith, 181 Neb. 461, 149 N. W. 2d 425.

In view of the evidence relating to the manner in which the accident occurred, we are constrained to find that a jury question was presented relating to the cause of the accident and the charge of negligence on the part of defendant's foreman.

Defendant also contends that the foreman was acting outside the scope of his employment and became an agent of Navajo when he assisted Navajo's driver. This argument must fall. The undisputed testimony indicates that it was part of the foreman's duties to assist the drivers in loading heavy objects and that both he and the drivers were accustomed to request the assistance of other drivers. In assisting to load the crate, he was engaged in his employer's business and the same is true when he solicited plaintiff's assistance to further his employer's business. "For all acts done by a servant in obedience to the express orders or directions of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the services required, the instructions given, and the circumstances under which the act is done, the master is responsible." Niemeyer v. Forburger, 172 Neb. 876, 112 N. W. 2d 276.

Finally, it is contended that the court erred in submitting the question of permanent injuries. Plaintiff's doctor was the only medical expert called. He conceded that X-rays could not reveal any permanent injury to plaintiff's ankle joint but testified that, in his judgment, plaintiff had sustained a 10 percent permanent injury to one leg. He based his findings on the fact that after the fracture had been set, it became slightly displaced which could cause damage to the joint and on the fact that after 3 years, plaintiff still complained of pain and swelling in the ankle. This being the only testimony on the subject, except for that of plaintiff relative to his condition, it appears that a jury question was also presented on this point and the instruction is correct.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.

CARTER, J., dissenting.

The burden of proof is upon the plaintiff in an action for damages based on negligence to prove by a preponderance of the evidence the negligence of the defendant or, in this case, its employee. No act of negligence or breach of duty on the part of defendant's employee is shown or proved, nor does the majority opinion recite any such on the part of Bee Line Motor Freight, Inc., or its employees. Surely the mere happening of an accident, under the circumstances here shown, is not proof of negligence on the part of anyone. I submit that the action fails for want of proof and that no basis exists for submitting the case to a jury. I would reverse the judgment and dismiss the cause of action on the basis that plaintiff failed to prove a cause of action.

SPENCER, J., joins in this dissent.