EMPIRE STATE BUILDING COMPANY, APPELLANT, V.
JOSEPH C. BRYDE, APPELLEE.

318 N.W.2d 65

Filed April 9, 1982. No. 43951.

Walsh, Walentine, Miles, Fullenkamp & O'Toole, for appellant.

Michael A. Fortune and James B. Cavanagh of Erickson, Sederstrom, Leigh, Eisenstatt, Johnson, Kinnamon, Koukol & Fortune, P.C., for appellee.

Heard before KRIVOSHA, C.J., and HASTINGS, J., and COADY and FAHRNBRUCH, D. JJ., and RONIN, D.J., Retired.

KRIVOSHA, C.J.

The appellant, Empire State Building Company (Empire), appeals from a jury verdict rendered in the District Court for Douglas County, Nebraska. The jury found for the appellee, Joseph C. Bryde (Bryde), and against Empire on Empire's claim for damages caused by the alleged negligence of Bryde. For reasons more fully set out hereafter, we reverse and remand for new trial.

Empire is the owner of a commercial building in downtown Omaha, Nebraska. Bryde, one of Empire's tenants, operated a Quik Print shop in space located on the street level of Empire's building. In addition to occupying the street-level storeroom, Bryde also leased and used the basement located directly below the street-level storeroom. On December 25, 1976, at approximately 11:30 p.m., a fire was discovered in the basement area leased by Bryde which resulted in damage to the entire Empire

building. Empire then sued Bryde, maintaining that Bryde had negligently stored plastic trash bags containing paper and other debris, as well as flammable fluids, in the basement of the building and that the negligent storing of these plastic bags was the proximate cause of the fire which damaged Empire's building.

It is undisputed that it was Bryde's practice to take the trash accumulated from the daily operation of his business and place it in plastic garbage bags which were then clipped shut and piled in the basement area. The contents of the plastic bags consisted of shredded paper, plates used in the cameras, blotter stock paper used to clean the presses, smoking material, cotton swabs, and generally the trash from a normal business day.

Bryde stored the plastic bags in the basement until he felt there was a sufficient number to justify having them hauled away. At the time of the fire, there were at least 30 of such bags stacked in the basement of the Quik Print shop.

Vernon Trapp, chief of the arson bureau of the Omaha Fire Division, testified that the cause of the fire was the accumulation of trash in the basement of the Quik Print shop. A second witness for Empire supported this view. Both witnesses testified that "but for" the storing of the trash, the fire would not have occurred.

The first assignment of error we consider, and the one material to our decision herein, concerns the instruction given by the trial court to the jury over the objection of Empire. The trial court first instructed the jury regarding the pleadings filed by Empire. In its instruction, the trial court advised the jury: "The plaintiff alleges in its Second Amended Petition that the defendant was negligent in the following respects:

"1. In stacking discarded trash in plastic bags containing paper and other debris and leaving same

in the premises occupied by the defendant;

"2. In permitting flammable fluids to be discarded in plastic bags with paper therein and leaving same in the premises occupied by defendant;

"3. In permitting plastic bags containing discarded cigarettes and other refuse to be stacked in the basement of the premises occupied by the defendant along with paper and other refuse."

The trial court then instructed the jury: "Plaintiff further alleges that the aforementioned negligence of the defendant was the sole and proximate cause of the fire, doing damage to the building of the plaintiff . . . ." The trial court then properly instructed the jury that plaintiff further alleged "said fire . . . started in the discarded trash by reason of the ignition of the fluids and paper contained in the plastic bags referred to in the foregoing specifications of negligence, either by ignition caused by a cigarette or by spontaneous combustion of the papers and fluid contained in said plastic bags." Indeed, there was no error in this portion of the instruction, for the court properly advised the jury what it was that the plaintiff had alleged.

However, in a subsequent instruction, the trial court instructed the jury as follows: "Before the plaintiff can recover, the burden is upon the plaintiff to prove, by a preponderance of the evidence, each and all of the following elements or propositions:

"1. That the defendant was negligent in one or more of the elements or particulars numbered and stated in Instruction No. 2.

"2. That said negligence, if any, of the defendant was the proximate cause, or a proximately contributing cause, of the fire.

"3. That as the direct and proximate result of said negligence of the defendant and resultant occurrence the plaintiff sustained damages.

"4. The amount in money of the damages thus sustained."

That portion of the instruction was indeed correct and properly instructed the jury as to the burden assumed by Empire in order for it to recover from Bryde. The trial court, however, further instructed the jury, over objection of Empire, as follows: "If the plaintiff has established, by a preponderance of the evidence, all of the above-numbered propositions *and that the ignition source of the fire was either a cigarette butt which was placed in the trash in plastic bags through the negligence of the defendant, Joseph Bryde, or his employees, or by spontaneous combustion within the trash in the plastic bags,* then your verdict will be for the plaintiff and against the defendant in the amount of such damages. If the plaintiff has failed to establish any one or more of the foregoing above numbered propositions *and the ignition source of the fire,* by a preponderance of the evidence, your verdict will be for the defendant." (Emphasis supplied.)

It is in this regard we believe that the trial court was in error. The authorities have made it clear that there really are several different and distinct causes of action relating to fires. One, of course, is the negligent setting of a fire. Another, however, is the negligent storing of combustible material without regard to how the fire started. In 35 Am. Jur. 2d *Fires* § 27 at 607 (1967), the author notes: "Liability for damage caused by the spread of fire from defendant's premises may be predicated on his negligence in keeping his premises in such a condition that such a result was likely. So, where one negligently stores combustible material on his property in such a way that it is reasonably foreseeable that fires will start thereon and spread to the property of another, he may be held liable for damage caused when this occurs, although the fire starts accidentally. . . ."

Two decisions, among many, supporting this view are *Quaker Oats Co. v. Grice,* 195 F. 441 (1912), and

*T. & N. O. R. R. Co. v. Bellar*, 51 Tex. Civ. App. 154, 112 S.W. 323 (1908). In *Quaker Oats Co., supra* at 444, the court noted: "If premises are allowed to become unsafe because they are filled with dust which would explode on the application of spark or flame, and the exercise of reasonable care would have prevented the premises from becoming thus unsafe, the person whose neglect brought about such a dangerous condition would not be excused because the actual spark which fired the train was produced by some intruder undertaking to light his pipe." Likewise, in *T. & N. O. R. R. Co., supra* at 157, 112 S.W. at 325-26, the court said: "The fact that the fire might have started from some cause other than through an act of the railroad company does not exculpate the defendant. It may be that the defendant was in no wise responsible for the origin of the fire, and the evidence does not show that it was, but it was responsible for the part its negligence performed. That negligence consisted in bringing about a condition which subjected the plaintiffs' property to a danger which resulted in its destruction, which did not theretofore exist, and which danger and result was reasonably apparent to and should have been foreseen by a person of ordinary prudence. It is true that the oil of itself did not create the danger, and that the danger therefrom did not arise until some other act was performed, namely, the kindling of the fire which ignited the oil. Neither would the kindling of the fire at a point near or remote from the property have created the danger but for the presence of the oil. It is not always the last act of cause or nearest act to the injury that is the proximate cause, but such act, wanting in ordinary care, as actively aided in producing the injury as a direct and existing cause. It need not be the sole cause, but it must be a concurring cause, such as might reasonably have been contemplated as involving the result under the attending circum-

stances." See, also, *Prince v. Chehalis Sav. & Loan Ass'n,* 186 Wash. 372, 58 P.2d 290 (1936).

We are unable to find any case in Nebraska which has directly addressed this point. Cases from other jurisdictions, as already noted, have made it clear that liability for damages caused by a fire are not limited only to those who actually ignited the fire but may also extend to those who so negligently maintain their premises that it can be said that the resulting damages from the fire were proximately caused by the negligent manner in which the defendant's premises were maintained, regardless of the source of ignition.

In the case of *Arneil v. Schnitzer,* 173 Or. 179, 206-07, 144 P.2d 707, 717-18 (1944), the court said: "We know of no decision which holds that one who maintains his property so negligently that it menaces his neighbors, is liable for the destruction of their premises by a fire which started upon his, only in the event that he himself applied the match. To the contrary, we are satisfied that the owner's negligence is the proximate cause of the damage to the neighbor, even if a stranger communicated the spark; unless the circumstances are such that no prudent person would have anticipated the stranger's act.. Of course, inflammable material, such as lay upon the defendants' property, does not ignite spontaneously; an Ellis Miller is generally required. But this Ellis Miller would not have succeeded in starting this conflagration had it not been for the defendants' negligent conduct. The duty to refrain from littering one's premises with inflammable material is imposed for the protection of the neighbors, and a person who breaches that duty thereby creates a causal connection between his negligent act and his neighbor's loss if a fire starts among the debris. One who suspends a sword of Damocles over the head of his neighbor must respond in damages for the consequences if another, allured by the

temptation, cuts the tender cord." See, also, *Ford v. Jeffries,* 474 Pa. 588, 379 A.2d 111 (1977); *B. W. King, Inc. v. West New York,* 49 N.J. 318, 230 A.2d 133 (1967); *Menth v. Breeze Corporation, Inc.,* 4 N.J. 428, 73 A.2d 183 (1950).

The cause of action involved herein, as alleged by Empire, was not the negligent starting of a fire, but the negligent maintaining of the premises which, when confronted by fire, proximately caused the damages to Empire and which, but for the negligent maintaining of the premises, would not have resulted in the damages. The cause of action, therefore, is not for negligently starting a fire but, rather, for negligently storing combustible material on the premises.

The question that must therefore be answered is what is the burden of proof imposed upon one who seeks to recover damages for another's negligently maintaining a premise which proximately causes damages to the plaintiff. To answer that question we must examine what it means to have "the burden of proof" in a particular cause of action.

It is elemental that the plaintiff is only required to assume the burden of proof of those elements necessary to establish his cause of action even if he unnecessarily pleads matters which are not necessary elements of the cause of action. In *Carlson v. Nelson,* 204 Neb. 765, 773, 285 N.W.2d 505, 509-10 (1979), we noted: "It is elemental law that the burden of proof is upon the plaintiff to prove those things which constitute the necessary elements of his cause of action and the defendant bears the burden of proving those things which constitute affirmative defenses. Another way of stating the principle is that he who has the burden of pleading a fact must prove it." And in *Davis v. Landis Outboard Motor Co.,* 179 Neb. 391, 396, 138 N.W.2d 474, 479 (1965), we said: " 'The burden of proof means the duty resting on one party or the other to establish by a preponder-

ance of the evidence an issue essential to recovery.' " And in 29 Am. Jur. 2d *Evidence* § 127 at 160-61 (1967), it is noted: "Nor, in order to recover, need a party prove allegations which are immaterial as a matter of pleading."

In the instant case, the cause of action was founded upon the negligent storing of the material, as opposed to the negligent starting of a fire. Therefore, how the fire started was of no moment insofar as plaintiff's cause of action was concerned.

While it is true that Empire invited some of its difficulty by pleading a matter which it was not required to plead, that does not permit the court to instruct the jury on that matter, particularly where an objection is raised. We noted in *Bezdek v. Patrick,* 167 Neb. 754, 761, 94 N.W.2d 482, 489 (1959): " 'A trial court should eliminate immaterial and superfluous matters and submit to the jury by instructions only matters properly to be decided by it in arriving at its verdict.' " See, also, *Rogers v. Navajo Freight Lines, Inc.,* 186 Neb. 502, 184 N.W.2d 623 (1971). We believe that the trial court was in error when it went beyond its initial instructions on burden of proof, as contained in instruction No. 2, and advised the jury that not only was it necessary for Empire to establish "by a preponderance of the evidence all of the above-numbered propositions" but also that Empire must establish "that the ignition source of the fire was either a cigarette butt which was placed in the trash in plastic bags *through the negligence* of the defendant . . . or by spontaneous combustion," and that if Empire failed to establish the source of the fire, even though it proved all of the "above-numbered propositions," the jury's verdict must be for the defendant. Empire may not be able to establish that the proximate cause of its damages was the storing of the trash. That is for the jury to decide. All we determine here is the extent of Empire's burden. The origin of

the fire is not included in the cause of action as pleaded by Empire.

Several other errors are assigned by Empire. In view, however, of the action we take herein, we deem those errors not necessary for our consideration at this time. The judgment is reversed and the case remanded with instructions to grant a new trial.

REVERSED AND REMANDED
FOR A NEW TRIAL.