WILLIAM A. WOLLENHAUPT AND NASHUA CORPORATION, A
NEBRASKA CORPORATION, APPELLANTS, V. ANDERSEN FIRE
EQUIPMENT CO., INC., A NEBRASKA CORPORATION, APPELLEE.

440 N.W.2d 447

Filed May 26, 1989.   No. 87-741.

J. Patrick Green; Jay L. Welch, of Rickerson, Welch &
Kruger; and Philip M. Kneifl, of Kneifl & Kneifl, for
appellants.

Dean F. Suing and Francis T. Belsky, of Katskee & Henatsch,
for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ.,
and McGINN, D.J.

WHITE, J.

The plaintiff-appellant William A. Wollenhaupt is an
employee of the plaintiff-appellant Nashua Corporation, a
manufacturing plant located in Omaha, Nebraska. On

November 11, 1981, Wollenhaupt was working at Nashua as research director for the identification products division and was responsible for maintenance of quality control. On that day he was checking coating machines, since Nashua was having a streaking problem with the coaters.

The coaters are devices very similar in appearance to printing presses. However, while printing presses apply ink to paper, coaters apply adhesive material to paper products. The material toluene, a solvent which carries the solid adhesives, was not being uniformly applied to the paper. Toluene is a highly flammable substance.

Wollenhaupt was standing to the side of the coater, approximately an arm's length away, when suddenly he heard a "whoosh" and saw flames. He turned immediately to his right and tried to run, but the fire caught him from behind.

As a result of the fire, Wollenhaupt sustained third degree burns over 50 to 55 percent of his body, running from his shoes to his belt line. He required 10 skin grafts and underwent physical therapy until March of 1984. Because Wollenhaupt was compensated for his injuries by the workers' compensation carrier of Nashua Corporation, that carrier is subrogated to the extent of compensation, and therefore Nashua is named as an additional plaintiff to this action.

A number of coater devices were present in the room where the fire occurred. Each coater is protected by a Cardox fire protection system installed over the coater. This system is an automatic system activated by heat. When activated, the system releases carbon dioxide ($CO_2$), and the fire is extinguished. The defendant, Andersen Fire Equipment Co., Inc. (Andersen), installs and services fire protection equipment.

Although Andersen did not install the Cardox system for Nashua, it did provide service for the system for a number of years. On October 30, 1981, an employee of Nashua noticed that the pressure gauges on the automatic trip cylinder of the Cardox machine were low, and Nashua contacted Andersen, requesting that it send someone to service the system.

The automatic trip system did not automatically operate when the fire which injured Wollenhaupt started on November 11, 1981. Instead, employees were required to manually trip the

system.

Evidence was introduced concerning a prior fire that occurred in April 1981. On that occasion the automatic system tripped, the fire extinguished, and no one was injured. A subsequent fire occurred on November 17. The district court refused to admit evidence relating to this fire.

The heart of the plaintiffs' case is the contention that the defendant had the responsibility to service the fire extinguisher system and negligently performed that duty. The plaintiffs contend that either because of the incompetence of the defendant's employees or because the inspection was completely left undone, the Cardox system had an inadequate charge in the trip cylinder, and therefore the fire could not be extinguished. In addition, the plaintiffs contend that had the automatic system functioned, Wollenhaupt would have suffered only slight injuries or no injuries at all.

In contrast, the main contention of the defendant is that the Cardox system was not a life protection system. Because it was not a life protection system, activation of the system was dependent upon the heat detector over the coater. Therefore, if the fire had its central locus away from the coater, a circumstance the defendant alleges was present in this case, a delay in the activation of the system would result, and the fire would spread too quickly to be contained by the Cardox system. Primarily the defendant was attempting to negate causation: Even with the system operating properly, Wollenhaupt would still have been injured; therefore, any alleged negligence on the part of the defendant was not the cause of the injuries suffered by Wollenhaupt.

The appellants contend that the district court erred in three respects: first, in refusing admission of the evidence relating to the fire that occurred on November 17; second, in giving an instruction which, in essence, required the plaintiffs to negate the conduct of Nashua Corporation as the sole proximate cause of the accident on November 11; and finally, in giving an instruction regarding when an intervening cause will break the chain of causation.

Instruction No. 11 as given by the district court provided:

One of the issues in this case is whether the occurrence

was caused by the conduct of Nashua Corporation. If you find the sole proximate cause of the occurrence was the conduct of Nashua Corporation, then your verdict should be for the defendant.

The burden of proof on this issue is on the plaintiff; that is, the plaintiff has the burden to prove that some negligence of defendant as set forth in Instruction No. 2 was the proximate cause or a proximately-contributing cause of the occurrence and that therefore the negligence of Nashua Corporation was not the sole proximate cause.

This instruction is essentially a reiteration of NJI 2.01A. The appellants contend that this instruction was given in error because no issue concerning the negligence of Nashua was present in this action, and therefore any instruction given regarding the culpability of Nashua was irrelevant.

The appellee contends that the present action is governed by this court's opinion in *Fisher v. Gate City Steel Corp.,* 190 Neb. 699, 211 N.W.2d 914 (1973). In *Fisher,* we stated at 702-03, 211 N.W.2d at 917,

" 'Where it is claimed that the conduct of another, not a party to the suit, was the sole proximate cause of the accident, such defense is not an affirmative plea in avoidance of plaintiff's cause of action and imposes no burden of proof upon defendant with relation thereto but is one entirely consistent with and provable under the general issue.' "

According to the appellee, the issue of the negligence of Nashua was claimed in this case, and therefore the instruction was not in error. We disagree.

No claim was made by the appellee that Nashua was the sole proximate cause of the accident. Wollenhaupt is not claiming that Andersen *caused* the fire which injured him. Instead, the claim is that if Andersen had properly serviced the Cardox machine, the fire, whatever its origin, would not have caused Wollenhaupt to suffer severe injury. The origin of the fire in this case was therefore irrelevant. Additionally, Andersen never actually claimed that the negligence of a third party (Nashua) was the sole proximate cause of the injuries of Wollenhaupt. Instead, Andersen's claim was that the Cardox system operated

as it was designed to: The system was designed only to save the coating machine, not perform a lifesaving function. Therefore, Wollenhaupt would not have been protected by the system because life protection was not the purpose of the Cardox machine.

The appellee attempts to argue that "it was not the 'failure' of the Cardox system that caused Wollenhaupt's injuries. Rather, it was the failure of Nashua to make adequate modifications or adjustments to the coater at the time they changed their manufacturing process," brief for appellee at 31-32, and this failure to make adjustments caused the fire to break out in the coater. This argument is misplaced. Again, the claim is not that the appellee, Andersen, negligently started the fire, but that the fire, whatever its origin, would have been extinguished had the Cardox system been properly maintained and, had it been so maintained, Wollenhaupt would not have suffered injury.

If a defendant has a duty to foresee a particular type of harmful force, such as a fire, and guard others against the harm that the force can do, and the defendant fails in his duty, the cause of the fire is irrelevant to the liability of the defendant. The plaintiff therefore does not have the burden of proving what caused the fire, nor does he have the burden of negating his negligence as a cause of the fire. See *Empire State Building Co. v. Bryde*, 211 Neb. 184, 318 N.W.2d 65 (1982).

The cause of action involved in this case, as alleged by Wollenhaupt, was not the negligent starting of a fire, but the negligent maintenance of the Cardox fire protection system which, when it failed to extinguish the fire, proximately caused Wollenhaupt's injuries. Therefore, the cause of action is not for negligently starting a fire but, rather, for negligently maintaining fire protection equipment which should have extinguished the fire once it was started.

The error in the instruction mandates that the judgment be vacated and the cause remanded for a new trial. " ' "A trial court should eliminate immaterial and superfluous matters and submit to the jury by instructions only matters properly to be decided by it in arriving at its verdict." ' " *Empire State Building Co., supra* at 192, 318 N.W.2d at 70, citing *Bezdek v.*

*Patrick*, 167 Neb. 754, 94 N.W.2d 482 (1959). Because the instruction given contained an irrelevant issue, the judgment in this case is vacated and the cause remanded for a new trial.

Since this case will be retried, it is necessary to discuss the contention of the appellants that the trial court improperly excluded evidence of a fire that occurred on the premises of Nashua Corporation on November 17, 6 days after the incident at issue. In excluding this evidence the district court stated:

> [I]t would seem to me to be a situation that we'd be getting into a situation that since a fire did occur again, that it would be prejudicial to Andersen and I think extremely prejudicial to the defendant to show that is the case because I think that would make it patently obvious that something was not being done that should have been done, maybe in the first situation, the November 11th fire
> . . . .

At this point the district court cited no rule of evidence. However, the court previously indicated that it believed the evidence to be barred by application of rule 407 of the Nebraska rules of evidence. This belief was in error.

Neb. Rev. Stat. § 27-407 (Reissue 1985) provides in relevant part:

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

The scope of rule 407, therefore, is intended to apply in situations in which subsequent remedial measures were taken. There was no evidence of any subsequent conduct by the defendant which could be found to be a remedial measure. The basis of the plaintiffs' offer of proof was that the Cardox machine had *not* been altered between November 11 and November 17. While it is true a subsequent event was being offered, no evidence of a subsequent precaution was proposed.

The theory underlying the rule excluding evidence of subsequent remedial measures is that because action taken after an incident "reflects hindsight rather than foresight," an inference of negligence would be improper, as this inference would assume that because the defendant had learned from the accident, he should have learned before the accident. In addition, it is feared that admission of subsequent measures will deter against taking the precaution. 2 J. Wigmore, Evidence in Trials at Common Law § 283(4) (J. Chadbourn rev. 1979). Neither of these reasons is applicable in the present case. Nashua adopted the Cardox system long before the fire. The only claim is that Andersen was negligent in maintaining the system. If evidence of the success of the system at the subsequent fire supported an inference of negligence on the part of Andersen, it was not because of anything learned from the first fire. All parties agree that the $CO_2$ cylinders had to be properly charged to operate. Therefore, the fear of deterring subsequent safety measures is not at issue in this case. Most importantly, however, no subsequent remedial act was undertaken by Andersen. Instead, as no one was injured at the fire on November 17, evidence of this subsequent fire during which the protection system allegedly operated properly merely refutes the contention of the appellee that the system was not intended to be a life protection system. Because no modifications or added safety measures were taken between the first and second fire, application of rule 407 to exclude evidence of the subsequent fire was error.

Therefore, this action is remanded for a new trial with the instruction to admit the evidence of the subsequent fire.

REVERSED AND REMANDED FOR A NEW TRIAL.