
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY, a foreign Corporation, | ) ) ) | No. 36414-3-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| MICHELSEN PACKAGING COMPANY, a Washington corporation; NORTHWEST WHOLESALE INCORPORATED, a Washington corporation, and DOES 1-20, | ) ) ) ) ) ) ) | |
| Respondents. | ) | |

KORSMO, J. — A wildfire broke out near Wenatchee, causing extensive damage to homes and businesses, including Blue Bird, Inc. Phoenix Insurance Company (Phoenix), Blue Bird's insurer, brought suit against neighboring businesses Northwest Wholesale Incorporated (NW Wholesale) and Michelsen Packaging Company (Michelsen), alleging that defendants negligently caused the fire to spread to Blue Bird's property. The superior court granted summary judgment in favor of defendants. Finding insufficient evidence that defendants breached a duty to Blue Bird, we affirm.

No. 36414-3-III
*Phoenix Ins. Co. v. Michelsen Pkg. Co., et al*

FACTS AND PROCEDURAL HISTORY

We state the facts in the light most favorable to Phoenix. *Mohr v. Grantham*, 172 Wn.2d 844, 859, 262 P.3d 490 (2011).

Blue Bird and Michelsen operated fruit packaging businesses on nearby parcels of real property in Wenatchee. Michelsen leased its property from NW Wholesale. Michelsen stored shrink-wrapped stacks of recycled cardboard and paper packing materials on its property.

On the afternoon of June 28, 2015, an arsonist started a wildfire in Chelan County northwest of Wenatchee. The fire quickly spread and ultimately burned 2,950 acres, destroying 30 homes and 4 businesses. The Blue Bird and Michelsen properties were located approximately one mile east and downwind of the outer edge of the main conflagration.

Shortly after 9:14 p.m. on June 28, Wenatchee Police observed that several pallets of compressed cardboard on the Michelsen property were on fire, and that the fire was spreading toward neighboring properties. Later that night, the Blue Bird property caught fire and sustained substantial damage.

Phoenix, as subrogee for Blue Bird, brought an action in the Chelan County Superior Court against Michelsen and NW Wholesale for negligence and private nuisance, alleging that Michelsen's storage practices caused the fire to spread to Blue Bird's

premises.[1] Michelsen moved for summary judgment. In support, Michelsen submitted a declaration from Fire Marshal Mark Yaple. Yaple had previously conducted fire safety inspections of Michelsen's property and had determined that Michelsen's combustible material storage practices complied with the International Fire Code and Wenatchee City Code, and that Michelsen had received and complied with required storage permits.

In opposition, Phoenix submitted a declaration from Albert Simeoni, an expert in fire science. Simeoni opined that by storing stacks of flammable material close together, Michelsen created a foreseeable fire hazard. Michelsen moved the court to strike the declaration, arguing it was based on speculation and lacked personal knowledge. The court denied the motion.

The court granted summary judgment for Michelsen on causation grounds. The court held that Michelsen owed a duty to prevent its property from becoming a fire hazard, but that Phoenix presented insufficient evidence of causation. All parties appealed. A panel considered the case without oral argument.

ANALYSIS

The parties present the issues of whether Simeoni's declaration is admissible, and whether Phoenix's claims should survive summary judgment on duty, breach, and causation grounds. We hold that Phoenix has failed to raise a genuine issue of material

---

[1] Because Blue Bird's claims against NW Wholesale are derivative of their claims against Michelsen, we hereinafter refer to respondents collectively as "Michelsen."

3

fact as to whether Michelsen breached a duty. The issue of breach being dispositive, we do not address the other issues.

We review de novo an order granting summary judgment. *Mohr*, 172 Wn.2d at 859. Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). In order to survive summary judgment, the nonmoving party must identify specific facts that rebut the moving party's contentions. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). The nonmoving party may not rely on an expert's conclusory assertions unsupported by specific facts. *Id*. We may affirm the trial court on any ground supported by the record. *LaMon v. Butler*, 112 Wn.2d 193, 200-201, 770 P.2d 1027 (1989).

A negligence plaintiff must prove 1) defendant owed a duty, 2) defendant breached that duty, 3) plaintiff suffered an injury, and 4) defendant's breach caused the injury. *Tincani v. Inland Empire Zoological Soc.*, 124 Wn.2d 121, 127-128, 875 P.2d 621 (1994). Generally, persons have a duty to use reasonable care to avoid causing physical harm to others. *See Michaels v. CH2M Hill, Inc.*, 171 Wn.2d 587, 608, 257 P.3d 532 (2011) (quoting RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL & EMOTIONAL HARM § 7(a) (AM. LAW INST. 2010)). Breach, therefore, is the failure to exercise reasonable care. However, a defendant's duty of care extends only to foreseeable risks of harm. *J.N. by & Through Hager v. Bellingham Sch. Dist. No. 501*, 74

Wn. App. 49, 57, 871 P.2d 1106 (1994). Defendant's compliance with industry custom is

not determinative, but is evidence that defendant exercised reasonable care. *Ranger Ins.*

*Co. v. Pierce County*, 164 Wn.2d 545, 553-554, 192 P.3d 886 (2008). Whether a party

has breached its duty is ordinarily a question for the finder of fact, but may be determined

as a matter of law when reasonable minds could not differ. *See Charlton v. Toys "R"*

*Us—Delaware, Inc.*, 158 Wn. App. 906, 912-915, 246 P.3d 199 (2010).

Assuming, without holding, that Michelsen had a duty to maintain its property to

avoid creating a fire hazard,[2] Phoenix has not raised a genuine issue of fact that

Michelsen breached that duty. Michelsen presented evidence that it exercised reasonable

care by following industry custom—its storage practices complied with local regulations

and permit requirements, and had been approved by the fire marshall. The only evidence

Phoenix presented in opposition was the declaration of Albert Simeoni, who opined

without explanation or support that Michelsen's storage practices created a foreseeable

fire hazard. This conclusory statement fails to rebut Michelsen's evidence that it

exercised reasonable care, and thus fails to create a question of fact. From the evidence

---

[2] *See Prince v. Chehalis Sav. & Loan Ass'n*, 186 Wn. 372, 375-377, 58 P.2d 290 (1936), *adhered to on reh'g en banc*, 186 Wn. 372, 61 P.2d 1374 (1936) (property owner was liable in negligence when he allowed his building to become a fire hazard, and the building caught fire and spread to neighboring property).

presented, a reasonable fact finder could not have concluded that Michelsen failed to

exercise reasonable care.[3]

## CONCLUSION

Even if the fire on the Michelsen property caused Blue Bird's damages, Michelsen

was not negligent. The judgment of the trial court is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, C.J.

---

[3] Because Phoenix's nuisance claim is based on the same theory of negligence, it shares the same fate. *See Atherton Condo. Apartment-Owners Ass'n Bd. of Directors v. Blume Dev. Co.*, 115 Wn.2d 506, 527, 799 P.2d 250 (1990).