RAMONA B. OAKES, APPELLANT, V. DORIS F. GREGORY ET AL., APPELLEES.

275 N. W. 607

FILED OCTOBER 22, 1937. No. 30076.

*F. A. Hebenstreit,* for appellant.

*Jean B. Cain, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This action was commenced by Ramona B. Oakes to recover for personal injuries sustained by her while riding in an automobile driven by Doris F. Gregory. The trial court directed a verdict for the defendants. From the overruling of her motion for a new trial, plaintiff appeals.

The evidence in this case shows that plaintiff and her son, Charles, 12 years of age, were riding in an automobile driven by Doris F. Gregory, as her guests. They left Salem, Nebraska, for Humboldt, Nebraska, about 1 o'clock on the afternoon of February 12, 1936. When they arrived at Dawson, Nebraska, they stopped at a filling station and had their windshield cleaned. After proceeding two or three blocks, the car left the traveled portion of the road and ran into a tree about 10 or 12 feet from the road they were traveling. The road was paved but it had some snow and ice on it. There was much more snow on the side of the road, the testimony being that it was approximately a foot deep between the edge of the paving and the tree that was struck. Plaintiff testifies that the car was being driven between 20 and 25 miles an hour at the time of the accident. The car was equipped with chains on the rear wheels. Plaintiff further testifies that Mrs. Gregory was a good driver and that she made no complaints as to her driving. There is no testimony in the record of any specific act of negligence on the part of Mrs. Gregory that contributed

to or caused the accident. The situation can best be summarized by quoting from plaintiff's evidence wherein she said: "Well, it is just one of those accidents that you can't account for, it simply went straight into the tree and to my knowledge it did not skid."

The case comes within the provisions of the guest statute, section 39-1129, Comp. St. Supp. 1935, the material part of which is as follows: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest * * * unless such damage is caused * * * because of the gross negligence of the owner or operator in the operation of such motor vehicle."

"Gross negligence," as used in this statute, has been defined by this court as negligence in a very high degree, or the absence of even slight care in the performance of a duty. *Morris v. Erskine,* 124 Neb. 754, 248 N. W. 96; *Lemon v. Hoffmark,* 132 Neb. 421, 272 N. W. 214.

The evidence in this case shows that the driver of the car had no knowledge of any impending danger. The car was being driven at a reasonable rate of speed and without any protest from the plaintiff. The evidence of plaintiff was that Mrs. Gregory had been driving carefully until the accident occurred. There is no evidence in the record as to the cause of the accident. Neither does the record disclose any act done by the driver of the car that even indicates that it was the result of any fault of hers. There is no evidence of any negligence on the part of the driver of the car, and necessarily no evidence of gross negligence as required by the guest statute. The rules of law applicable are stated in the case of *Lemon v. Hoffmark, supra.*

Plaintiff contends that Mrs. Gregory was negligent in failing to drive the car between the trees after it left the pavement. The evidence was that the car traveled only 10 or 12 feet after it left the pavement until it struck the tree and that it happened very suddenly. When we consider the speed of the car, the condition of the ground over which it traveled and the distance to the tree, we

are convinced that the driver of the car, which was clearly out of control when it left the pavement, had no reasonable opportunity to avoid striking the tree. The driver of the car was confronted with a sudden emergency requiring immediate decision. Under such circumstances, a person is not necessarily guilty of negligence in pursuing a course which mature reflection or deliberate judgment might prove to be wrong. *Belik v. Warsocki,* 126 Neb. 560, 253 N. W. 689. Under the facts in this case, Mrs. Gregory was not guilty of negligence in failing to drive between the trees.

After a consideration of all the evidence in the light most favorable to the plaintiff, we find that it was not sufficient to sustain the allegation of gross negligence on the part of Doris F. Gregory, the driver of the car. The trial court therefore correctly directed a verdict for the defendants.

AFFIRMED.