JOSEPH BEZDEK, APPELLANT, V. KENNETH PATRICK, APPELLEE.

94 N. W. 2d 482

Filed February 6, 1959. No. 34459.

*Mathews, Kelley & Stone* and *Martin A. Cannon,* for appellant.

*Crawford, Garvey, Comstock & Nye,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant for cause of action asserts he was on August 1, 1954, operating his automobile south on Sixtieth Street in Douglas County near the intersection of that street with L Street. He stopped at a stop sign and thereafter proceeded into the intersection. Appellee was then operating a stock truck east on L Street and was about 400 feet west of the intersection. Appellant traveled into the intersection and as he was leaving it to the south his automobile was struck with great force on its right side by the truck of appellee. The automobile of appellant was thrown to the east and north approximately 100 feet. Thereby the person of appellant was caused severe and painful injuries resulting in permanent disability of appellant and his automobile was damaged. The collision of the vehicles, the injuries, and the damage were proximately caused by the negligence of appellee because of his failure to keep a proper lookout for traffic; failure to have his truck under control; failure to grant the right-of-way to appellant; failure to apply the brakes of his truck in time to avoid a collision which he could have done; failure to do anything to avoid a collision and the injuries and damage to appellant when he saw or should have seen appellant in a position of peril; and because he operated his truck at a dangerous and unlawful speed under the circumstances of 60 miles per hour.

The answer of appellee was a denial of the claims of appellant and a plea that the contributory negligence of appellant in a degree more than slight was the cause of the collision. Appellee also interposed a counterclaim

in proper form for the damage to and the cost of necessary repairs to his truck caused and required, as appellee asserted, by the negligence of appellant consisting of his failure to yield the right-of-way to appellee, failure to have his automobile under control, failure to keep a proper lookout, failure to apply his brakes before the collision, and entering the intersection when there was an approaching vehicle near it and appellant knew or should have known that a collision would probably result. Appellee sought the dismissal of the claims of appellant and a recovery from him of the damages claimed by appellee. The reply of appellant denied the new matter in the pleading of appellee and appellant asserted that any damage alleged by appellee was the proximate result of his contributory negligence.

The result of the trial of the issues was a verdict for appellee on the cause of action alleged by appellant and for appellant on the counterclaim of appellee. The motion for a new trial made by appellant was overruled and a judgment was rendered denying any recovery to either of the parties.

Appellant drove his 1950 Studebaker automobile south on L Street to the stop sign on the west side of that street and north of Sixtieth Street. He stopped a short distance ahead of the sign. He looked east, south, and west. There was a service station west of the stop sign. He looked southwest on L Street as far as he had vision. He saw no vehicle approaching the intersection. He moved to the south an estimated distance of some 10 feet, looked to the west, and saw the truck coming toward the east on Sixtieth Street at least 350 feet west of the intersection at a location spoken of as a low place. He thought it would be safe for him to proceed into and across the intersection. He put his automobile in motion. He experienced difficulty when he attempted to shift from low gear to second gear and his efforts were unsuccessful. He was then going 3 to 5 miles per hour and was losing speed. He then put

the automobile in low gear. He again looked to the west; saw the truck far enough away, he thought, to permit him to safely continue across the intersection; and he attempted to do so at a speed of 3 to 10 miles per hour. The truck of appellee collided with the automobile of appellant south and slightly west of the center of the intersection. There was debris found by a member of the Safety Patrol who investigated the accident 7 feet 5 inches south and 3 feet 3 inches west of the center point of the intersection. The truck collided with the automobile of appellant on the right side from about the front wheel back to the front part of the door. The front of the automobile was not injured.

Sixtieth Street was 18 feet wide. L Street west of the intersection was 20 feet wide and east of the west line of the intersection it was 42 feet wide. The lines of the streets at the northwest boundary of the intersection were not at a right angle. They bounded a curve which commenced 50 feet west of the point which would have been the northwest corner of the intersection if the north line of L Street had been extended east to where it would have intersected the west line of Sixtieth Street if it had been extended south and continued to a point 44 feet north of the point above mentioned to the west line of Sixtieth Street. The south wall of the service station building was 34 feet north of the north line of L Street if extended east to the west line of Sixtieth Street and the stop sign was 44 feet north of the north line of L Street. There was no obstruction to the vision of anyone traveling east on L Street towards the intersection or of any vehicle on or approaching it after the vehicle was south of the south wall of the service station. There was a highway warning sign a considerable distance west of the intersection and south of Sixtieth Street. It exhibited the words: "Reduced Speed Zone, Congested Area." There was a sign to reduce speed to 45 miles per hour between the first sign and the intersection. The street

from the west to near the intersection was quite level but from there to the east there was a rather abrupt incline to the top of a hill a considerable distance to the east. Appellee was familiar with the streets, the intersection, and its surroundings.

Appellee, as he approached the intersection in the daytime between 4:30 and 5 o'clock in the afternoon of August 1, 1954, operated his loaded truck, according to his testimony, at a speed of 40 miles per hour without looking for traffic near or on the intersection until his truck collided with the automobile of appellant. Appellee testified he did not see the automobile of appellant until a moment before the collision.

The automobile of appellant because of the collision, as it was expressed by appellee, bounced off to the left. The rear of it was after the accident 53 feet east and about 11 feet north of the center of the intersection and the automobile was in the outside or north lane of L Street facing northeast. The truck continued directly east, after the collision, in L Street up the incline for 207 feet. Appellant testified the speed of the truck was about 60 miles per hour. The distance appellant traveled, according to the record, was about 54 feet while appellee traveled at least 350 feet. Appellee testified that he could have seen the automobile of appellant at any time after it was south of the south edge of the service station; that if he had seen appellant in the intersection, appellee could and would have reduced the speed of his truck and there would have been no collision of the vehicles; and that appellee had no explanation why he did not see appellant as he came to and traveled south in the intersection.

Appellee as he approached and entered the intersection did no act and made no observation of the situation therein for his protection or for the safety of anyone using the intersection. He did not have or maintain a lookout, he did not have his truck under control, neither did he decrease his speed. In short, he wholly

failed to comply with the requirement of the law that it is the duty of all persons to use due care in approaching an intersection. § 39-7,108, R. R. S. 1943. The fact that appellee approached and entered the intersection from the right and that it was protected on the north and south by stop signs on Sixtieth Street did not relieve him from the duty of observing due care and prudence to avoid an accident.

Barajas v. Parker, 165 Neb. 444, 85 N. W. 2d 894, declares: "A motorist entering an intersection from the right is in a favored position and has the right-of-way, other things being equal, but such fact does not do away with the duty of the driver of the favored automobile to exercise ordinary care to avoid an accident. * * * It is the duty of the driver of an automobile on approaching an intersection to look for other automobiles approaching and to see those within the radius which denotes the limit of danger."

Fairchild v. Sorenson, 165 Neb. 667, 87 N. W. 2d 235, states: "The failure of the driver of an automobile, upon approaching an intersection, to look in the direction from which another automobile is approaching, where, by looking, he could see and avoid the collision that resulted, is more than slight negligence, as a matter of law, and defeats a recovery."

The trial court in the charge he gave submitted the issues concerning the counterclaim to the jury with the advice that if it found certain recited things to be true, the appellee was entitled to a verdict against appellant for the amount of damages the jury found he has sustained. This was error. The appellee was, under the circumstances of this case, guilty of negligence as a matter of law and he could not in any event have a recovery on the counterclaim he pleaded against the appellant.

It is said in Pankonin v. Borowski, *ante* p. 382, 93 N. W. 2d 41: "This was evidence appellee did not have or maintain a proper lookout, or that if he did he failed

to see an approaching vehicle that was in plain sight, and that he did not have his vehicle under proper control. Even a traveler who has the right-of-way and is approaching an intersection may not on that account disregard the surrounding circumstances. He is not thereby relieved from the duty of exercising ordinary care to avoid an accident. * * * The operator of a motor vehicle is required to have his vehicle under such reasonable control as to be able to avoid collision with another vehicle being operated with due care."

A like situation was considered and decided in Cappel v. Riener, *ante* p. 375, 93 N. W. 2d 36, by this language: "Appellant could not have recovered in any event on his cross-petition because of what has been herein determined. The cross-petition should not have been presented to the jury. It, as the case developed, contained matter which was entirely immaterial but it could and it may have defeated appellee on his cause of action. A trial court should eliminate immaterial and superfluous matters and submit to the jury by instructions only matters properly to be decided by it in arriving at its verdict."

Appellant contests the correctness of instruction No. 19 given to the jury on the subject of comparative negligence. He claims that it is incorrect because the jury was not thereby advised that any contributory negligence of appellant to constitute a defense must have been the proximate cause or proximately contributed to the cause of the damage of appellant. This challenge may not prevail because in another part of the charge the trial court told the jury that a litigant claiming contributory negligence of the adverse party had the burden to establish it by a preponderance of the evidence and also by a preponderance of the evidence that the contributory negligence was the proximate cause or the proximate contributing cause of the accident. The instructions must be considered as a whole and when this is done it is clear the alleged omission asserted by ap-

pellant does not exist.  Griess v. Borchers, 161 Neb. 217, 72 N. W. 2d 820.

The last paragraph of instruction No. 19 to the jury advised it that:  "By 'slight negligence' is meant small or little negligence.  By 'gross negligence' is meant great or excessive negligence; it may be said to exist when there is an absence of slight care in performance of duty."  Section 25-1151, R. R. S. 1943, is in part as follows:  "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison * * *."  The test this provides and requires is not based upon absolute degrees of negligence but rather upon a comparative test of the relative degrees of negligence between the parties.  The negligence of the plaintiff or defendant is not to be evaluated as slight, gross, or otherwise, standing alone.  The criterion by which the degree of negligence is to be measured is the extent thereof by comparison with the negligence of defendant.  The words "slight" and "gross" as employed in this statute are comparative terms and the requirement of them is that the negligence of the parties must be compared one with the other in determining an issue of slight and gross negligence.  Roby v. Auker, 151 Neb. 421, 37 N. W. 2d 799; Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250; Allen v. Kavanaugh, 160 Neb. 645, 71 N. W. 2d 119.  The objection made to the last paragraph of the instruction is valid.  It was foreign to the case and should have been omitted.

The charge of the trial court to the jury permitted it to find that the appellant was guilty of negligence which proximately caused or contributed to the cause of the collision if he failed to keep his automobile under proper control, or if he failed to keep a proper lookout,

or if he failed to apply his brakes immediately prior to the collision. There was no evidence of absence of control of appellant of his automobile that could in any way have been considered negligence or that contributed to the collision. He was operating an automobile he bought when it was new, he owned and operated it 4 years, it was in good condition, and it had been operated without difficulty. Appellant had driven it a considerable distance the day of but before the accident without any mechanical or operational problem. The automobile was stopped at the stop sign near the intersection. It then moved forward in low or first gear. Its speed was 3 to 5 miles per hour. The gas was increased and appellant attempted to put the automobile in second gear. He was unable, from an unknown cause, to engage that gear. The speed of the automobile was decreased and he returned it to low or first gear. This consumed some time. It delayed his passage across the intersection. He attained a maximum speed of 10 miles per hour as he proceeded south in the intersection until much of his automobile was south of the center of it. It was there the truck of appellee collided with the automobile of appellant. The truck was about 350 feet west of the intersection when appellant approached the intersection after delaying at the stop sign. The automobile was in unobstructed view of the appellee at all the time after it moved south a short distance from the stop sign. The control that is required of a motorist is such as will prevent the collision with another vehicle not being operated negligently. The difficulty appellant experienced with his transmission kept him in the intersection longer than he had a right to expect. He could and did expect the operator of the truck to exercise due care to avoid an accident even to stopping if necessary. Appellant may not be charged with knowledge that appellee for no reason at all did not see appellant in the intersection and crossing the lane of travel of appellee. McCulley v. Anderson, 119 Neb.

105, 227 N. W. 321. There was no fault of appellant shown to have caused his inability to engage the second gear of the automobile. The charge of negligence of appellant consisting of absence of control by him of his automobile should not have been submitted to the jury. As to the charge that appellant did not keep a proper lookout, there is no dispute of the testimony that he looked from where he could see, that he saw the truck when it was not less than 350 feet west of the intersection, and generally watched it until the collision occurred. The charge appellant failed to have and maintain a proper lookout is unfounded. The automobile of appellant had proceeded to and had entered the south lane of L Street when the collision occurred. He was attempting to clear the intersection. He thought he could and under the circumstances he had a right to try. It is clear that the application of the brakes on the automobile of appellant immediately before the collision would not have been beneficial but such an act would have made certain that the automobile would have been struck by the truck. There was no evidence to support or justify this charge of negligence. The allegation in the pleading of appellee and included in the instructions to the jury to the effect that "after defendant had entered the intersection from the west plaintiff entered the same from the north, and, without stopping and without applying his brakes, came into the path of defendant's truck" should have been omitted from the instructions. They are each contrary to the evidence. It is error for the district court to include in instructions to the jury allegations of fact made in a pleading in the cause which are without evidence tending to establish them. Fuss v. Williamson, 159 Neb. 525, 68 N. W. 2d 139; Bramhall v. Adcock, 162 Neb. 198, 75 N. W. 2d 696.

Appellant asserts that appellee was guilty of negligence as a matter of law; that appellant was free from contributory negligence; and because thereof the trial

court should have withdrawn all issues from the jury except the question of the amount of the damages appellant had sustained as the result of the injuries he suffered in the collision. Appellant is correct in his assertion that appellee was guilty of negligence as a matter of law. Appellant is incorrect in reference to the issue of his contributory negligence. This issue should be submitted to the jury as a factual matter for its determination under proper instructions.

Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217, discussed in this manner two instructions given on the subject of comparative negligence, the correctness of which was challenged by plaintiff: "No complaint is made of their substance but plaintiff contends that they had no application. He does so upon the asserted premise that their subject, comparative negligence, was not strictly an issue because defendant's own evidence established his negligence as a matter of law. In other words, plaintiff argues that under the evidence, the trial court should have submitted to the jury only the question of the degree of plaintiff's negligence. The record does not disclose that plaintiff ever made any such request of the trial court by tendered instructions or otherwise, but in any event, to have submitted the issues in the manner now proposed by plaintiff would have been erroneous. That is true, because under the comparative negligence statute, section 25-1151, R. S. 1943, even if it could be said that defendant was guilty of negligence as a matter of law, * * * and it could be found that plaintiff was guilty of only slight negligence, the question whether or not defendant's negligence was gross in comparison therewith would still be a factual one for determination by the jury."

If the driver of an automobile approaching a favored street stops, looks, and sees an approaching vehicle on the favored street but incorrectly judges its speed or distance or for some other reason assumes he can safely proceed and not experience a collision, the question

of whether or not his conduct in proceeding into and attempting to cross the favored street constitutes contributory negligence is usually an issue of fact for the jury to determine. Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643; Bezdek v. Patrick, 164 Neb. 398, 82 N. W. 2d 583.

The requirement that the operator of an automobile stop before entering upon a favored street protected by stop signs does not grant the exclusive privilege to travelers on the favored street or require those crossing it to do so at their peril, regardless of the duty of motorists on all public highways to obey traffic regulations and exercise due care to protect the rights of others. If a motorist on a nonfavored street stops at an intersection with a favored street when the intersection is clear of traffic and looks for approaching vehicles, acting as a reasonably prudent person in the exercise of due care would act in the belief that he has time and opportunity to safely cross, he is not liable for negligence because he attempts to do so. McCulley v. Anderson, *supra;* Borcherding v. Eklund, *supra.*

The right of a motorist on a favored street to assume that a vehicle on a nonfavored street will be brought to a stop before it enters an intersection of the streets and will not proceed until the motorist has passed does not permit the motorist to claim the right-of-way when he is too far from the intersection to be entitled to it. The fact the motorist is on a favored street does not relieve him from the duty of exercising due care to avoid an accident. McCulley v. Anderson, *supra;* Bezdek v. Patrick, *supra.*

Before one entering an intersection protected by a stop sign can be held negligent, no statutory violation being shown, it must appear that the approaching motor vehicle was at a point which, after considering its speed, indicated it was within the limit of danger and that to proceed would be imprudent. Meyer v. Hartford Bros. Gravel Co., 144 Neb. 808, 14 N. W. 2d 660.

In the trial of an action concerning a collision of a truck and an automobile on an intersection of a favored street and a nonfavored street which involves issues of negligence and contributory negligence the jury should be fully and precisely instructed as to relative and reciprocal rights and duties of the operators of the motor vehicles in entering and using the intersection. Mc-Culley v. Anderson, *supra*.

The judgment should be and it is reversed and the cause is remanded for further proceedings according to law.

REVERSED AND REMANDED.