DANIEL E. O'CONNER, APPELLANT, v. HOWARD W. KIENTZ, APPELLEE.

168 N. W. 2d 703

Filed June 27, 1969. No. 37186.

Cobb, Swartz & Wieland, for appellant.

L. Raymond Frerichs, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

In this action plaintiff seeks to recover for injuries alleged to have been received when the automobile in which he was a passenger was struck from the rear by defendant's truck. Verdict and judgment were entered for defendant. We reverse the judgment of the district court and remand the cause for a new trial.

At about noon on November 9, 1961, plaintiff was a passenger in an automobile owned and operated by his wife. On passing through Auburn, Nebraska, they proceeded up a hill toward a school. At an intersection on top of the hill, a large van ahead of them came to a stop and the O'Conner automobile stopped about 30 feet behind the van. Defendant Kientz was following the O'Conner car in a farm truck which he owned and was operating. He struck the rear of the O'Conner car. The impact was not severe and did not move the O'Conner car, but it did some slight damage to the bumper. The van had stopped at the intersection in obedience to a red stoplight located on the right-hand side of the street. Two hundred feet from the intersection was a sign warning of the stoplight ahead. The van concealed the stoplight from the view of plaintiff, his wife, and defendant. Apparently none of the parties observed the warning sign 200 feet from the intersection as none of them were aware of the reason for the van stopping.

On proceeding up the hill, defendant had shifted into a lower gear and was proceeding at 10 to 15 miles per hour and was 5 to 10 feet behind the O'Conner automobile when it stopped. The evidence is conflicting in regard to whether or not the O'Conner stoplights were functioning and in regard to the abruptness or suddenness with which the O'Conner automobile stopped.

Plaintiff assigns as error the failure of the trial court to direct a verdict for him on the issue of liability. Do the circumstances attendant upon this accident justify a finding that defendant was guilty of negligence as a matter of law? "As a general rule it is negligence as a

matter of law for a motorist to drive an automobile on a highway in such a manner that he cannot stop in time to avoid a collision with an object within the range of his vision." Guerin v. Forburger, 161 Neb. 824, 74 N. W. 2d 870. The foregoing rule has no application in those cases wherein reasonable minds might differ on the question of whether or not the operator exercised the care, caution, and prudence required of a reasonably careful, cautious, and prudent person under the circumstances of the particular situation. See Guerin v. Forburger, *supra*.

Not having seen the warning sign, neither defendant nor the driver of the automobile in which plaintiff was riding was aware that they were approaching a stoplight. Both observed the van ahead slowing down and they did likewise. Defendant was proceeding in low gear at 10 to 15 miles per hour a short distance behind the O'Conner automobile. He saw the van stop and must then have expected the O'Conner automobile to stop behind the van.

In view of the presence of the warning sign, the stoplight ahead, and the stopping of the van at the intersection, which defendant concedes he had noticed, we find that defendant had ample opportunity to avoid the accident. His failure to do so cannot reasonably be excused. He was guilty of negligence as a matter of law and plaintiff's motion for a directed verdict on that issue should have been sustained.

The judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.