GEORGE C. BELEK ET AL., APPELLANTS, v. TRAVELERS INDEMNITY COMPANY ET AL., APPELLEES.

191 N. W. 2d 819

Filed November 19, 1971. No. 37966.

Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellants.

Stephen A. Davis of Cassem, Tierney, Adams & Henatsch, John S. Samson, and Daniel G. Dolan, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is a declaratory judgment action. The sole question involved is whether the defendant, Travelers Indemnity Company, insured a certain 1960 Cadillac automobile belonging to the defendant Robert S. Nielsen.

It is claimed that a soliciting agent of Travelers orally agreed in a telephone conversation with Nielsen shortly after the acquisition of the Cadillac by Nielsen to add said vehicle by endorsement to a previously issued policy covering a 1966 Volkswagen owned by Nielsen. Travelers denies such an agreement. The disputed fact issues were tried by the court without a jury. The trial court found in favor of Travelers. We affirm.

Nielsen testified he talked to the agent of Travelers by telephone and explained he had bought the car and wanted liability but not collision coverage on it, and that the agent told him he would take care of it. The agent denied knowledge of any such conversation and expressed his belief that there was no such conversation because if there had been there would have been some kind of follow-up on it. No additional policy or rider was issued. No billing was made for additional premium and none was paid. The evidence shows that Nielsen had purchased various types of insurance from the agency for a number of years and did not always pay specific billings but made payment on account from

time to time on request. The evidence further shows that prior to the alleged conversation Nielsen had been billed for the premium on the Volkswagen by a billing which specifically identified that car. The premium on the Volkswagen had not been paid at the time of the alleged conversation. About 1 month later Nielsen was billed again for the same amount. A month later he was again billed for the same amount plus the premium on a workmen's compensation policy. Nielsen explained that he did not pay specific attention to the contents of the billings. After the accident which gave rise to the coverage question the agent furnished an accident report form to Nielsen and to the plaintiff Belek, who was the driver of the Cadillac at the time of the accident, together with envelopes for mailing. The evidence indicates the accident reports were mailed to Travelers and that Belek at least completed and mailed to the Department of Motor Vehicles of the State of Nebraska Part II of the report. He indicated thereon coverage by Travelers Insurance Company policy No. 008 183 675, which other evidence indicates is the policy on the Nielsen Volkswagen. Following the accident Nielsen obtained a replacement automobile for the Cadillac and called the agent and caused this vehicle to be added to the Volkswagen policy. He was subsequently billed for this and paid the premium thereon. The evidence shows that Nielsen was once employed by an insurance agency and apparently had some familiarity with the conduct of such a business.

The trial court in its findings against the plaintiffs laid considerable weight upon certain aspects of the evidence as indicated by the following findings: "Nielsen indicated that he assumed that he had coverage on the Cadillac until he learned differently after the accident on August 23, 1967. . . . He made this assumption in spite of the notices of March 25 and April 25, 1967, and in spite of the fact that for a period of 6 months he had

received no policy covering the Cadillac and had paid no premium on such a policy."

We believe the facts recited in the court's findings considered in light of Nielsen's knowledge of the insurance business tipped the scales in favor of a conclusion that there had been no agreement to insure the Cadillac. The judgment of the trial court in an action where the jury has been waived has the effect of a verdict of a jury and will not be set aside unless clearly wrong. American Standard Ins. Co. v. Tournor, 186 Neb. 585, 185 N. W. 2d 267. Section 21-21,157, R. R. S. 1943, provides that when a declaratory judgment proceeding ". . . involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

A stipulation was entered into by the parties as follows: ". . . if Anne Hanks, who is an Assistant Division Chief, Department of Motor Vehicles, State of Nebraska, were called to testify, she would testify according to her records that George C. Belek indicated here liability with the Travelers company by virtue of policy no. 8-183-675 at the time of this accident on August 23rd, 1967; that this office, to-wit, the Department of Motor Vehicles, Department of Motor Financial Responsibility, has not received a denial of that policy." The colloquy of counsel surrounding the stipulation indicates that the filing made by Belek refers to the Part II of the accident report referred to in section 60-506.01, R. R. S. 1943. That section reads as follows: "The Department of Motor Vehicles shall, within ten days after receipt of the report of the accident, forward Part II of such report, by United States mail, to the insurance company, if any, named in such report as furnishing liability insurance. Unless express denial of the truth of the statements shown on such Part II is received from the named insurance company by the Department of Motor Vehicles within the time limited by section 60-507 it shall be

presumed, for purposes of Chapter 60, article 5, that such statements are true and such presumption shall be accepted, when applicable, as satisfying the requirements of sections 60-508 and 60-509."

Plaintiffs contend that the filing of the Part II of the accident report with no subsequent denial by Travelers constitutes a conclusive certification that Travelers insured the automobile in question. Plaintiffs cite authorities for this proposition and Travelers cite contrary authorities. In the state of the record in this case we need not decide the question. Section 60-506.01, R. R. S. 1943, provides: "The Department of Motor Vehicles shall, within ten days after receipt of the report of the accident, forward Part II of such report, by United States mail, to the insurance company, if any, named in such report as furnishing liability insurance." The record does not disclose that the Department of Motor Vehicles ever complied with the above provision. Unless this is shown no duty of denial ever arises.

As we read the record there is no contention that Travelers filed an SR-21 under the alternative provisions of the statute contained in section 60-509, R. R. S. 1943, as follows: "Upon receipt of a notice of such accident, the insurance company or surety company which issued such policy or bond shall furnish, for filing with the department, a written notice that such policy or bond was in effect at the time of such accident."

AFFIRMED.