HAROLD JOHNSON ET AL., APPELLEES, v. FLOYD E. ROUECHE, APPELLANT.

199 N. W. 2d 1

Filed July 7, 1972. No. 38364.

Baskins, Baskins & Schneider, for appellant.

Maupin, Dent, Kay, Satterfield, Girard & Scritsmier, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action for property damage resulting from an automobile accident at a street intersection in North Platte, Nebraska. Jury trial was waived. The trial court determined that the comparative negligence rule applied and entered judgment for the plaintiff in an amount less than the stipulated amount of damages. The defendant has appealed. The issues on appeal involve the contributory negligence of the plaintiff and the application of the comparative negligence rule.

The accident happened at approximately 8:30 a.m., on a clear, dry day at the intersection of Second and Sherman Streets in the City of North Platte, Nebraska. The plaintiff, Maxine Johnson, was driving her car north on Sherman Street. The defendant, Floyd E. Roueche, was driving his pickup truck east on Second Street. There were no obstructions to vision although there were some cars parked on the south side of Second Street some 150 feet west of the intersection. There were no stop signs or traffic signals at the intersection. Mrs. Johnson was going approximately 15 miles per hour as she approached the intersection. As she approached the crosswalk south of the intersection, she slowed to approximately 5 miles per hour. She looked to the left; to the right; and to the left again but saw no approaching traffic. When her car was a little more than half a car length into the intersection, she saw the defendant's truck approaching from the left. The front of the truck was at the crosswalk just west of the intersection. Mrs. Johnson applied the brakes and her car, if not stopped, was barely moving at the moment of impact.

The defendant was driving his pickup truck at a

speed of approximately 25 miles per hour as he approached the intersection. He did not see Mrs. Johnson's car. He was first made aware of its presence when his daughter screamed immediately before the impact. The defendant did not recall applying the brakes before impact and did not swerve his truck to avoid the impact. The right front of the truck struck the left front of the Johnson car. The impact occurred in the southeast quadrant of the intersection. The Johnson car was spun around and came to rest in the intersection headed southeast. The defendant's truck stopped 75 to 100 feet east of the intersection.

The trial court found that the proximate cause of the collision was the defendant's negligence; and that the plaintiff was negligent, but her negligence, under the comparative negligence rule, was slight when compared to the negligence of the defendant. The damage to plaintiff's car was stipulated in the amount of $1,320.74. The court dismissed defendant's counter-claim and entered judgment for the plaintiff and against the defendant in the sum of $1,000.

Section 25-1151, R. R. S. 1943, provides: "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury." Here a jury was waived and the case was tried to the court. In the posture of this case, unless the defendant was entitled to a directed verdict as a matter of law, the judgment must be affirmed. The judgment of the trial court in an action where a

jury has been waived has the effect of a verdict of a jury and will not be set aside unless clearly wrong. Belek v. Travelers Indemnity Co., 187 Neb. 470, 191 N. W. 2d 819.

The defendant's contentions here boil down to the assertion that the comparative negligence rule does not apply. It is argued that where a defendant's negligence is less than gross in degree and the plaintiff has been guilty of any negligence, the plaintiff may not recover. It is also argued that wherever the plaintiff's negligence is more than slight in degree, or when the negligence of both defendant and plaintiff stem from an identical failure of duty, there can be no recovery under the comparative negligence rule. In essence, the defendant contends that the statutory comparative negligence terms of "gross" and "slight" are based upon absolute degrees of negligence circumscribed by definitions of the term "gross" applied under other statutes or in abstract terms. We cannot agree.

The defendant's contention that "gross" or "slight" negligence under the comparative negligence statute may be defined or measured by some independent absolute standard was effectively answered in Ripp v. Riesland, 170 Neb. 631, 104 N. W. 2d 246. That case noted that the statutory comparative negligence rule is predicated on a comparison and the terms of "slight" or "gross" negligence as used in the statute are both dependent upon a comparison of the negligence of the parties. The court stated that "all questions of slight or gross negligence in cases in which the comparative negligence act is applicable are to be determined not by satisfying a rule of burden of proof but by comparison made by the jury, or in its absence by the court, of the negligence of the parties, one with the other."

The court also reiterated a former statement: "The words 'slight' and 'gross' as employed in the comparative negligence act of this state are comparative terms. The test the statute provides is not based upon absloute

degree of negligence but rather upon a comparative test of the relative degrees of negligence between the parties. The negligence of the plaintiff or defendant is not to be evaluated as slight, gross, or otherwise, standing alone. The criterion by which the degree of negligence of plaintiff is to be measured is the extent thereof by comparison with the negligence of the defendant." See, also, Bezdek v. Patrick, 167 Neb. 754, 94 N. W. 2d 482.

Defendant's contention that gross negligence ought to be defined as a matter of degree in terms similar to the meaning of gross negligence under the guest statute was answered in Brackman v. Brackman, 169 Neb. 650, 100 N. W. 2d 774. In that case, the jury had been instructed that slight negligence meant small or little negligence and that gross negligence meant great or excessive negligence. In holding such instructions erroneous, this court stated that under section 25-1151, R. R. S. 1943, it was necessary to determine whether the negligence of plaintiff or defendant was slight or gross in comparison with the other, "while under the automobile guest passenger statute, section 39-740, R. R. S. 1943, a standard of gross negligence is set up that is not based on the comparison of negligence. Before a guest may recover from the driver of an automobile under the guest passenger statute, the driver must be found guilty of gross negligence, that is, great or excessive negligence. Such is not true under the comparative negligence rule." The meaning of gross negligence under the comparative negligence rule is clearly not the same as the meaning of gross negligence under the guest passenger statute.

The question of the existence of negligence or contributory negligence is for the trier of the facts where different minds may reasonably draw different conclusions from the evidence. Under the comparative negligence statute, if the fact finder determines the respective parties to be guilty of actionable negligence and contributory negligence, the responsibility is then

on it to make the comparison contemplated by the statute. See, Hickman v. Parks Constr. Co., 162 Neb. 461, 76 N. W. 2d 403, 62 A. L. R. 2d 1040; Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250.

The determinations made by the trial court were correct in all respects and the judgment is affirmed.

AFFIRMED.