MERVIN MCKENZIE, APPELLEE, V. LADD TRUCKING COMPANY, A CORPORATION, APPELLANT.
333 N.W.2d 402

Filed April 29, 1983.   No. 82-603.

Michael W. Pirtle of McCormack, Cooney, Mooney & Hillman, for appellant.

Robert C. Guinan of Guinan & Kolenda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

HASTINGS, J.

This was an action for damages resulting from a March 26, 1981, collision between trucks owned by the plaintiff, Mervin McKenzie, and the defendant, Ladd Trucking Company. It was brought in the municipal court of Omaha. Trial to the court alone, held on February 11, 1982, resulted in a judgment in favor of the defendant on its counterclaim, in the amount of $811.23. On appeal the District Court entered an order reversing the judgment of the municipal court and remanding the case with directions to enter judgment in favor of the plaintiff in the stipulated amount of damages of $2,835. The defendant has appealed to this court.

The rule as to this type of an appeal is found in Neb. Rev. Stat. § 24-541.06 (Cum. Supp. 1982), which provides in part as follows: "(1) In all cases other than appeals from the Small Claims Court, the district court shall review the case for error appearing on the record made in the county or municipal court. The district court shall render a judgment, which may affirm, affirm but modify, or reverse the judgment or final order of the county or municipal court. If the district court reverses, it may enter judgment in accordance with its findings, or remand the case to the county or municipal court for further proceedings consistent with the judgment of the district court."

The parties seem to be in agreement as to the standard of our review. In a law action the findings of fact made by the trial court have the effect of a jury verdict and will not be set aside on appeal

unless clearly wrong. *Atlas Steel & Wire Corp. v. L & M Constr. Chemicals, Inc.*, 212 Neb. 16, 321 N.W.2d 64 (1982). Conversely, it is elementary that when a judgment is clearly against the weight of the evidence it should be set aside. *Pospichal v. Wiley*, 163 Neb. 236, 79 N.W.2d 275 (1956). The error urged by the defendant, and obviously found to exist by the District Court, was that the judgment of the municipal court was clearly against the weight of the evidence.

The facts are not complicated, but are somewhat difficult to describe with any degree of brevity. The accident occurred on the premises of Conagra, located south of "C" Street and west of 29th Street in Omaha. The plaintiff arrived at these premises with his 2½-ton International straight truck loaded with wheat. He entered the area from the east on "C" Street, headed west, then backed into the probing area located just south and parallel to "C" Street. Samples of his wheat were taken for testing and he then awaited his turn to unload. The scale, which was to have been his next stop, was located more or less directly in front of him, to the west, and to drive through the scale it necessitated the plaintiff, or anyone in his position, to drive north and west in a semicircle, pulling across "C" Street extended, before heading straight south across the scale.

While waiting to unload, the plaintiff testified that he observed the defendant's truck, a Kenworth semitractor and trailer, facing east on "C" Street, parallel with the plaintiff's truck and approximately 15 feet to the north, and with the rear end of the defendant's rig approximately 30 feet to the east of the rear end of the plaintiff's truck. When a truck immediately ahead of the plaintiff pulled onto the scale to commence the unloading process, the plaintiff started forward so as to be the next in line. The plaintiff said that before he moved he knew that the Ladd rig was stopped. He proceeded forward at about 2 miles an hour, when he heard the impact,

which turned out to be between the right front of the plaintiff's box and the right rear of the corner of the defendant's trailer. The plaintiff stated that he heard no horn honking and was not able to see the defendant's vehicle moving toward him because it was on his blind side.

On cross-examination the plaintiff said he had first seen the defendant's rig when it came off the scale and pulled into the position that he had described earlier. He also admitted that he knew that empty trucks have preference on the scale and that there was an area to the northwest where trucks back into in order to be loaded with wheat. He stated that he had traveled about 50 feet before being struck by the defendant's vehicle.

The defendant's driver testified that he too drove into the Conagra lot on "C" Street, proceeding in a westerly direction, and stopped to await his turn to drive onto the scale. He claims that the plaintiff came over to him and asked if he was trying to cut into the line. He testified he explained to the plaintiff that he was waiting to get his truck weighed, and would then pull off the scale, up the street, and back in to get loaded. The defendant's driver said he explained to the plaintiff just what maneuvers he was going to make after coming off the scale, including the backing to the northwest to get loaded. He stated that he then pulled onto the scale, pulled off, and saw the vehicle ahead of the plaintiff pull onto the scale behind him. He then drove back to his original position, heading east, immediately shifted to reverse, and started back. He claims that the plaintiff then left his position and the accident occurred. He agreed that although the plaintiff was parked just before he, the defendant's driver, started to back up, he could not see him while he was backing. He thought he only backed approximately 5 feet before the collision. He also gave as his opinion that when he pulled into position to back up, his vehicle was about 15 feet north of the plain-

tiff, parallel, and with the front end of the plaintiff's truck being about even with the back end of his.

Each of these drivers was obligated to maintain a proper lookout while operating his vehicle. *Clark Bilt, Inc. v. Wells Dairy Co.*, 200 Neb. 20, 261 N.W.2d 772 (1978). The duty to look implies the duty to see what is in plain sight. *Thomas v. Owens*, 169 Neb. 369, 99 N.W.2d 605 (1959). Conditions blocking visibility impose upon a driver the duty to exercise a degree of care commensurate with the existing conditions, including waiting to proceed until it can be done in safety. *Central Constr. Co. v. Republican City School Dist. No. 1*, 206 Neb. 615, 294 N.W.2d 347 (1980). When a motorist, being in a place of safety, sees, or by the exercise of reasonable care could have seen, the approach of a moving vehicle and moves from the place of safety into the path of such vehicle and is struck, such motorist's own conduct constitutes negligence more than slight, as a matter of law, and precludes recovery. *Thomas v. Owens, supra.*

In this case each driver was aware of the presence and location of the other's vehicle. Each driver knew the general custom of usage of the premises. Each driver proceeded to move into the path of the other at a time when each admitted that his visibility in that direction was blocked. Each driver was guilty of contributory negligence more than slight, as a matter of law, and should not recover in this instance.

The judgment of the District Court is reversed and the cause is remanded with directions to dismiss both the petition and the counterclaim.

REVERSED AND REMANDED WITH DIRECTIONS.