ANITA MACFIE, APPELLANT, V. ROBERT L. KAMINSKI ET AL., APPELLEES.

364 N.W.2d 31

Filed March 15, 1985.   No. 84-065.

Gary J. Nedved of Marti, Dalton, Bruckner, O'Gara & Keating, P.C., and James W. Knowles, for appellant.

Alan L. Plessman, for appellees Kaminski and Cole, Inc.

KRIVOSHA, C.J., HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

The appellant, Anita Macfie, appeals from an order entered by the district court for Lancaster County, Nebraska, granting a motion for directed verdict made by appellees at the close of Macfie's case in chief. In sustaining the motion for directed verdict, the district court filed a journal entry in which it made specific findings, including:

> 1. Plaintiff has failed to adduce sufficient evidence to warrant submission to the jury of any of the alleged acts of negligence in Plaintiff's Amended Petition.
>
> . . . .

4. The evidence adduced by Plaintiff establishes as a matter of law that even if Defendant Kaminski was negligent in some manner, such negligence was not a proximate cause of the collision in which this Plaintiff was involved and injured and damaged.

Macfie has appealed that order to this court, assigning specifically as error the district court's findings Nos. 1 and 4 set out above. We believe that the district court was correct in sustaining the motion for a directed verdict and therefore affirm the order of the district court.

The record discloses that on April 7, 1982, Kaminski was eastbound on Interstate 80, enroute from Grand Island, Nebraska, to Lincoln, Nebraska. Although various parties described the weather conditions differently, everyone agreed that some form of precipitation was falling. Kaminski testified that the temperature was in the 30s and near the freezing level. After crossing the bridge near the Milford interchange, Kaminski lost control of his automobile and started sliding sideways along the bridge until he was hit by a second automobile driven by Leah Jones. After the collision with the Jones vehicle, Kaminski's car came to a stop, straddling both eastbound lanes of the Interstate. At that point Kaminski's engine went dead, and he was unable to restart it. A few seconds later, a semitrailer driven by a Mr. Lucero struck the Jones vehicle. The third collision, and the one involved in this litigation, occurred when a vehicle driven by Anita Macfie's husband collided with the Kaminski vehicle. Macfie was injured as a result of that collision and sought damages.

It is elementary that in order for Macfie to recover from Kaminski, she must prove that the accident which caused her injury was proximately caused by some act of negligence committed by Kaminski. The burden of proving negligence is on the party alleging it, and merely establishing that an accident happened does not prove it. *Fincham v. Mueller*, 166 Neb. 376, 89 N.W.2d 137 (1958). See, also, *Wolcott v. Drake*, 162 Neb. 56, 75 N.W.2d 107 (1956). As we observed in *Porter v. Black*, 205 Neb. 699, 705, 289 N.W.2d 760, 764 (1980):

"The burden of proving negligence is on the party alleging it and merely establishing that an accident happened does

not prove it. . . . 'Negligence must be proved by direct evidence or by facts from which such negligence can be reasonably inferred. In the absence of such proof, negligence cannot be presumed.' "

We therefore must examine the record to determine whether in fact Macfie has produced evidence from which a jury could reasonably conclude that her injuries were proximately caused by some negligent act of Kaminski as alleged by Macfie. See *Feola v. Valmont Industries, Inc.*, 208 Neb. 527, 304 N.W.2d 377 (1981).

Macfie alleged in her petition that Kaminski was negligent in operating his motor vehicle at an excessive rate of speed under the conditions then existing and in failing to have his automobile under proper control.

The evidence discloses that all of the vehicles involved in the collision, including the Macfie vehicle, were traveling at a lawful rate of speed and at nearly the same rate. The evidence establishes that Kaminski was traveling at about 55 m.p.h. and Macfie at about 50 m.p.h. Moreover, the evidence indicates that most of the traffic was also traveling at that speed.

Kaminski testified that as he approached the bridge where the accident occurred, he observed an automobile several car lengths ahead of him begin to fishtail. He applied his brakes and began to skid, turn sideways, and lose control of the vehicle. The driver of the second vehicle, Leah Jones, was killed in the accident. However, a passenger in her car, Mildred Sell, testified. She stated that the Jones vehicle was traveling slower than the speed limit when it came upon the bridge. Sell testified that Jones was unable to negotiate the vehicle around the Kaminski car, which was blocking both lanes, and struck the Kaminski car. Almost instantaneously, the semitrailer hit the rear of the Jones car, resulting in Jones' death.

Robert Macfie testified that he was operating his motor vehicle at approximately 50 m.p.h. and encountered some showers between Hastings and the bridge where the collision occurred. As a result, there was a little moisture kicking up off the pavement. Macfie further testified that he checked the road surface conditions and found that the road was not slippery. He testified that when they were within a mile of the bridge, he saw

two cars about a quarter of a mile ahead. The two vehicles then disappeared over the crest of a little hill, and he could not see them again until he came onto the bridge. When he was about 100 feet away, he saw an object ahead, which he later learned was the Kaminski car. He immediately hit his brakes but was unable to stop in time to avoid the collision with the Kaminski car.

With this state of the record we must agree with the district court's decision unless we are able to say that there is sufficient evidence from which a jury could reasonably determine that Kaminski was operating his motor vehicle at either an excessive rate of speed or without proper control and that one or the other of those acts proximately caused Macfie's injury. We believe that we cannot do that.

With regard to the matter of speed, the evidence is clear that both the Kaminski and the Macfie cars, as well as most all other traffic on the road, were traveling within the speed limit and, in any event, at nearly the same speed. Therefore, if Kaminski was operating his motor vehicle at an excessive rate under the conditions then existing, it is difficult to see how one must not also conclude that Robert Macfie was operating his motor vehicle at an excessive speed.

The same must be said with regard to control. The only evidence regarding Kaminski's "lack of control" was the fact that when he applied his brakes, his car began to skid. In *Porter v. Black*, 205 Neb. 699, 289 N.W.2d 760 (1980), we addressed that very issue and concluded that the mere evidence of skidding alone was not sufficient to establish negligence. In *Porter v. Black, supra* at 705-06, 289 N.W.2d at 764, we said:

> This leaves the remaining allegation that Black negligently lost control of his car. That it did skid and strike the guardrail is admitted. Even if Black's explanation be disregarded, we are left with the lone evidentiary fact that the car did skid on a somewhat slick highway. Is that alone sufficient to support an inference that the skid was negligently caused, i.e., that Black did something or failed to do something in the management of his car which he ought, in the exercise of reasonable care, to have done?

This and many other courts have held that the mere skidding of an automobile without more does not prove negligence. Oakes v. Gregory, 133 Neb. 407, 275 N.W. 607; Davis v. Landis Outboard Motor Co., 179 Neb. 391, 138 N.W.2d 474; Fincham v. Mueller, *supra*; Svercl v. Jamison, 252 Minn. 8, 88 N.W.2d 839; Oldendorf v. Eide, 260 Minn. 458, 110 N.W.2d 310. This appears to be the majority rule. 58 A.L.R. 266 et seq.; 113 A.L.R. 1014.

It appears to us that the district court was correct in finding that "[p]laintiff has failed to adduce sufficient evidence to warrant submission to the jury of any of the alleged acts of negligence in Plaintiff's Amended Petition."

Macfie argues that *Porter v. Black, supra*, is inapplicable because in the instant case there was evidence of other negligent acts in addition to the skidding. We simply are unable to find sufficient evidence in the record to support that argument.

We do not believe that there was sufficient evidence of negligence on the part of Kaminski which was the proximate cause of Anita Macfie's injuries to submit the case to the jury. We therefore must agree with the district court. The judgment is affirmed.

AFFIRMED.