JEAN ANN KAHRHOFF, APPELLEE, V. VEDA KOHL, APPELLANT.
366 N.W.2d 128

Filed April 19, 1985.   No. 84-080.

Jeffrey H. Jacobsen of Jacobsen, Orr & Nelson, P.C., for appellant.

John A. Wolf of Cronin, Shamberg & Wolf, for appellee.

BOSLAUGH, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

In this negligence action the automobile which defendant-appellant, Veda Kohl, was driving inexplicably accelerated and crashed into a building. As a result, the plaintiff-appellee, Jean Ann Kahrhoff, an occupant of the building, was struck and injured. Kohl assigns as errors the sustainment of Kahrhoff's motion made at the close of all the evidence for a directed verdict on the issue of liability, and the denials of Kohl's motions for a directed verdict of dismissal made both at the close of Kahrhoff's evidence and at the close of all the evidence. We reverse and remand for a new trial.

In her petition Kahrhoff alleged that Kohl was negligent in that she failed (1) to have the automobile under control, (2) to keep a proper lookout, (3) to apply her brakes in order to avoid striking Kahrhoff, and (4) to turn aside in order to avoid striking Kahrhoff. Allegations (3) and (4) are nothing more than descriptions of the manner in which Kohl is alleged to have failed to keep the vehicle she was driving under reasonable control. See, *Greyhound Corp. v. Lyman-Richey Sand & Gravel Corp.*, 161 Neb. 152, 72 N.W.2d 669 (1955); *Fick v. Herman*, 159 Neb. 758, 68 N.W.2d 622 (1955). Therefore, Kahrhoff's operative allegations are that Kohl was negligent in failing to keep reasonable control of the vehicle she was operating and in failing to keep a proper lookout. Kohl filed an answer denying any negligence.

Kohl was the only trial witness called to prove her alleged negligence. In response to Kahrhoff's questions on direct examination, Kohl testified that as she came upon the building, a beauty shop she intended to patronize, she prepared to park. While traveling at 5 to 10 miles per hour, she took her foot off the accelerator and applied the brakes. Although the brakes worked, the engine nonetheless raced and the automobile accelerated, the accelerator pedal having activated itself. The brakes were inspected following the accident and found to be in proper working order; however, the accelerator was not inspected. She had experienced no prior difficulty with the

operation of the accelerator and has experienced none since the accident. In response to one of Kahrhoff's questions, Kohl testified that her mechanic said "there was a possibility sometimes that there was a little cog missing and it would stick and it might only happen once and — and might never happen, again, and it might."

We begin our legal analysis by reviewing some basic principles relating to automobile negligence cases. The first of these is that negligence is never presumed, that the burden of proving negligence is on the party who alleges it and is not proved by the mere happening of an accident. *Macfie v. Kaminski, ante* p. 524, 364 N.W.2d 31 (1985); *Burrows v. Jacobsen*, 209 Neb. 778, 311 N.W.2d 880 (1981); *Porter v. Black*, 205 Neb. 699, 289 N.W.2d 760 (1980). A motorist owes the duty to see what is in plain sight, *McKenzie v. Ladd Trucking Co.*, 214 Neb. 209, 333 N.W.2d 402 (1983), and to drive in such a manner that he or she is able to stop or turn aside in time to avoid a collision with an object within his or her range of vision, *C. C. Natvig's Sons, Inc. v. Summers*, 198 Neb. 741, 255 N.W.2d 272 (1977).

It is well to also remind ourselves that the party against whom a motion for dismissal or direction of liability is made is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can reasonably be drawn from the evidence; if there is any evidence which will sustain a finding for the party against whom the motion is made, the case may not be decided as a matter of law. *Whitaker v. Burlington Northern, Inc.*, 218 Neb. 90, 352 N.W.2d 589 (1984); *Teegerstrom v. H. J. Jeffries Truck Line*, 216 Neb. 917, 346 N.W.2d 411 (1984); *Schutz v. Hunt*, 212 Neb. 228, 322 N.W.2d 414 (1982).

There is no evidence whatsoever that Kohl did not see the building into which she crashed. In fact, the only evidence is that she knew she had reached her destination and was preparing to park. Therefore, Kahrhoff did not prove Kohl failed to "keep a proper lookout." If that were all she had alleged, the trial court would have been obligated, in response to Kohl's motion, to dismiss Kahrhoff's petition at the close of her evidence. *Anderson v. Farm Bureau Ins. Co., ante* p. 1, 360

N.W.2d 488 (1985). However, Kahrhoff also alleged that Kohl had failed to have the automobile she was driving under control, meaning under reasonable control.

In *Bezdek v. Patrick*, 167 Neb. 754, 94 N.W.2d 482 (1959), the plaintiff stopped his automobile at a stop sign and then started to drive across the street. He was unable, for some unknown cause, to shift from low gear to second and was losing speed, so he put the vehicle into low gear. These activities consumed time so that the plaintiff was struck by the defendant, who had been operating his truck on the favored street. We held there was no showing that plaintiff had reason to expect the mechanical difficulty he experienced, and the trial court therefore erred in submitting to the jury the issue of plaintiff's failure to control his vehicle.

Unlike *Bezdek*, wherein there was no action the plaintiff could have taken under the circumstances to avoid the defendant's truck, here, there was a question of fact as to whether Kohl reasonably should have brought her automobile under control by taking action such as turning off the racing engine or shifting the automobile out of gear.

Consequently, it would have been erroneous to sustain Kohl's motion for dismissal at the close of Kahrhoff's evidence or, since the evidence on the issue of liability remained the same, at the close of all the evidence.

However, since the evidence presented a fact issue, it was equally erroneous to sustain Kahrhoff's motion for a directed verdict on the issue of liability. See *Amelsburg v. Lunning*, 234 Iowa 852, 14 N.W.2d 680 (1944), wherein the defendant was unable to stop for a stop sign because of the failure of brakes which had previously functioned properly. The court noted that there was no evidence the defendant tried to use the emergency brake, and held that the issue of his negligence was one for the jury.

Kahrhoff's reliance on *Ott v. Frank*, 202 Neb. 820, 277 N.W.2d 251 (1979), for the proposition that she was entitled to a directed verdict on the issue of liability is misplaced. Therein, the defendant drove into a store and struck and killed plaintiff's decedent. We affirmed a summary judgment in plaintiff's favor. However, in *Ott* there was no evidence of a previously

unmanifested mechanical failure; it appears the case was defended not on the basis that the defendant had not been negligent but, rather, on the basis that plaintiff's decedent had an opportunity "to step out of the way." The opinion notes the evidence showed no such opportunity. As noted previously, the evidence in this case permits, but does not compel, an inference that Kohl reasonably could and should have taken action to bring the automobile she was driving under control.

Accordingly, the judgment of the trial court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

SHANAHAN, J., dissenting.

Before and after the collision Kohl's car was in good mechanical condition. Never had there been any malfunction of the accelerator of Kohl's 1976 Chevrolet with 55,000 miles. Yet, inexplicably, the car's "footfeed by itself went down," causing Kohl's automobile to burst through the window of a beauty shop and travel "up to the driers." Proper function of the footfeed-accelerator was immediately restored by some unknown and unmentioned means, however, as moments later Kohl backed her car out of the beauty shop, away from the dryer where Kahrhoff had been seated, and experienced no difficulty in backing her car to a site where she encountered a police officer who "was there right as soon as I got stopped."

Nebraska has had a long-standing rule consisting of conjunctive duties: a motorist must keep a lookout for objects in plain view and operate a motor vehicle in such a manner to avoid colliding with an object within the operator's range of vision. Failure to fulfill such requirement was negligence as a matter of law. See *O'Conner v. Kientz*, 184 Neb. 554, 168 N.W.2d 703 (1969). See, also, *Newkirk v. Kovanda*, 184 Neb. 127, 165 N.W.2d 576 (1969).

> "The basis of the foregoing general rule is that the driver of an automobile is *legally and mandatorily obligated* to keep such a lookout that he can see what is plainly visible before him and to operate his automobile in such a manner that he can stop it and avoid collision with any object in front of him."

(Emphasis supplied.) *Stanley v. Ebmeier*, 166 Neb. 716, 729, 90

N.W.2d 290, 298 (1958).

When the dual duties of Nebraska's lookout-control rule are applied in this case, vehicular malfunction is essential to the majority's position. A postaccident inspection disclosed that the brakes on Kohl's car were "all right." Nothing indicated that the brakes were inadequate to halt the automobile or overcome the engine's action. Further, there was no competent evidence of accelerator malfunction in Kohl's car. Even the indefinite testimony about an absent "little cog" causing the accelerator to "stick" sheds no light on the cause of the accelerator's self-activation increasing the car's speed from 5 or 10 miles per hour to an unspecified speed at impact. Nevertheless, according to the majority, existence of accelerator malfunction is established by a pseudosyllogism: Kohl says so; therefore, it is. Thus, Kohl's uncorroborated statement about the self-activated accelerator is elevated to the stature of sufficient proof of an unforeseeable malfunction requiring Kohl's reactive efforts in addition to applying brakes to stop her automobile such as, the majority surmises, "turning off the racing engine or shifting the automobile out of gear." In reality, the rather ordinary and basic measure of applying appropriate pressure on the pedal for properly functioning brakes was all the situation demanded. Evaluating reasonableness of responsive action to a malfunctioning accelerator, where there was no competent evidence of a malfunction or any additional preventive efforts taken by Kohl, injects an illusory issue as the result of a phantom fact. Discrediting or disproving what has not occurred may be somewhat difficult.

In automotive annals the phenomenon of the self-activated accelerator on Kohl's car will mystify mechanics for years to come, perhaps forever. In the meantime, in Nebraska's automobile negligence law, the more fantastic and imaginative a motorist's excuse for not avoiding a collision with an observed or observable object, the less mandatory the duty regarding plain view and control.

Kohl was negligent as a matter of law in operating her automobile, and a directed verdict in favor of Kahrhoff on the issue of liability was required under the circumstances. The district court's action in this regard should have been affirmed.