CHARLES E. SIERKS, APPELLANT, V. DARREL D. DELK, MEAD CONTAINER, A DIVISION OF THE MEAD CORPORATION, A FOREIGN CORPORATION, ET AL., APPELLEES.

383 N.W.2d 778

Filed March 28, 1986.   No. 85-046.

Robert V. Roach of Welsh, Sibbernsen & Roach, for appellant.

Donald R. Witt of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees.

KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and CAMP, D.J., and COLWELL, D.J., Retired.

WHITE, J.

This is a civil action involving a claim of damages for personal injuries and property damage resulting from a motor vehicle accident. Plaintiff-appellant, Charles Sierks (Sierks), sued defendants-appellees, Darrel Delk, Delk's employer Mead Container, and Ruan Leasing Company (Delk), in a jury trial on December 10, 1984. After Sierks rested, Delk moved for a directed verdict, contending that there was insufficient evidence of negligence on the part of Delk to submit to the jury; that the evidence showed that Sierks was guilty of contributory negligence, more than slight, in comparison with the negligence, if any, of Delk; and that the negligence, if any, of Delk was less than gross in comparison with that of Sierks. The motion was sustained. Sierks' motion for new trial was overruled and this appeal followed.

On April 5, 1983, Sierks was driving his automobile east on Highway 136, a two-lane concrete highway, near Auburn, Nebraska. He planned to make a left turn onto a gravel road. The terrain was flat in the vicinity of the turnoff. A misting rain was falling which required the use of windshield wipers. At

approximately 2,000 feet before reaching the intersection, Sierks noticed Delk's semitrailer truck traveling behind him. As Sierks turned on his left turn signal approximately 500 feet from the intersection, he observed the truck in his left side mirror, traveling at approximately the same speed he was traveling. At 400 feet before the turnoff, Sierks looked in his side view mirror for the last time and observed that the truck was still behind him. He did not use his inside rear view mirror because the rain and mud on the rear window obstructed his vision through that window. Sierks looked ahead for oncoming traffic and, seeing none, moved his automobile into the left-hand lane while traveling at 35 to 40 miles per hour about 200 feet before reaching the intersection. His intent was to allow the truck to pass him on the right. A few seconds after Sierks entered the passing lane, his car was struck from behind by the truck driven by Delk. The collision resulted in injuries to Sierks and damage to his car.

Plaintiff assigns as error the directed verdict in favor of the defendants. We find merit in plaintiff's assignment. The issue of whether plaintiff was contributorily negligent is a question of fact which should have been submitted to the jury.

" 'Generally, one is contributorily negligent if (1) he breaches the duty imposed upon him by the law to protect himself from injury; (2) his actions concur and cooperate with actionable negligence of the defendant; and (3) his actions contribute to the injuries as a proximate cause.' " *Krul v. Harless, ante* p. 313, 319, 383 N.W.2d 744, 748-49 (1986).

The following statute is relevant in this case.

In all actions brought to recover damages for injuries to a person or to his property caused by the negligence or act or omission giving rise to strict liability in tort of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence or act or omission giving rise to strict liability in tort of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence

attributable to the plaintiff; and all questions of negligence or act or omission giving rise to strict liability in tort and contributory negligence shall be for the jury. Neb. Rev. Stat. § 25-1151 (Reissue 1979).

The standard governing a trial judge in assessing a motion for a directed verdict is well established. The judge must resolve every controverted fact in favor of the party against whom the verdict is sought, and must also give that party the benefit of every reasonable inference that can be drawn from the facts in evidence. If there is any evidence which will sustain a finding for the party against whom the motion is made, the case may not be decided as a matter of law. *Kahrhoff v. Kohl*, 219 Neb. 742, 366 N.W.2d 128 (1985). In addition, the court should direct a verdict only when facts are conceded, undisputed, or such that reasonable minds could draw but one conclusion from them. *Krug v. Laughlin*, 208 Neb. 367, 303 N.W.2d 311 (1981).

Under the facts of this case, reasonable minds could conclude that Sierks was not negligent in looking to his rear, activating his turn signal, checking once again for oncoming traffic, and then moving to the left-hand lane. The matter should have been submitted to the jury.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.